JOHN JAMES DARMODY *v.* STATE OF INDIANA.

[No. 3-1072A70. Filed April 18, 1973.]

*Ronald V. Aungst, Lyons, Aungst & Guastella,* of Valparaiso, for appellant.

*Theodore L. Sendak,* Attorney General, *Stephen J. Cuthbert,* Deputy Attorney General, for appellee.

## I.

### STATEMENT ON THE APPEAL

STATON, J.—John James Darmody had been charged with kidnapping. He stood before the trial court without his attorney being present as the prosecutor filed a second charge of assault and battery with intent to kill. The prosecutor had a note in his file from Darmody's attorney that indicated a

guilty plea would be entered. The record is silent as to any advice received from or conferences with Darmody's attorney which relate to a plea of guilty being entered on the second affidavit. John James Darmody entered his plea of guilty to assault and battery with intent to kill. He was sentenced on the same day after the filing of a pre-commitment report to the Indiana State Prison for a period of not less than two nor more than fourteen years.

Approximately one year later, John James Darmody filed a verified petition for post-conviction relief pursuant to PC. 1 of the Indiana Rules of Procedure. This petition was denied and Darmody filed his motion to correct errors. Our opinion will review the issue:

> Does the record reflect that John James Darmody knowingly and intelligently made a voluntary waiver of his constitutional right to have his legal counsel present at the arraignment on the second affidavit charging him with assault and battery with intent to kill before he entered his plea of guilty?

We conclude in our opinion that an intelligent waiver was not made by John James Darmody. The judgment of the trial court is reversed with instructions to grant John James Darmody's motion to withdraw his plea of guilty to assault and battery with intent to kill.

## II.
## STATEMENT ON THE FACTS

John James Darmody was charged by affidavit with the crime of kidnapping on July 21, 1969. He appeared in court on July 29, 1969 and entered a plea of not guilty. His attorney withdrew and a second attorney, Richard W. Mehl, entered his appearance on September 5, 1969. Richard W. Mehl requested the court to determine, by court-appointed psychiatrist, the ability of Darmody to comprehend the legal consequences of his act and to determine if Darmody were able to stand trial. The two court-appointed psychiatrists reported on October 3, 1969 that in their opinion Darmody had sufficient comprehen-

sion and was not insane. Later, at the request of the prosecuting attorney, based upon the recommendations of the court-appointed phychiatrists, Darmody was committed to the Norman Beatty Hospital to determine if he was a criminal sexual psychopath. On April 23, 1970, the superintendent of Norman Beatty Memorial Hospital filed his psychiatric report finding that Darmody was not a criminal sexual psychopath and that he was not insane or feeble-minded and could cooperate in his defense.

Darmody was returned to the Elkhart Circuit Court on April 30, 1970. The record indicates that Darmody appeared in court without counsel. The court made an entry which stated that the Defendant would be returned to the state prison until his counsel would be available. However, on the same day, the Defendant was again brought before the Honorable Aldo J. Simpson. The record of what transpired is as follows:

"MR. PETERSON: To keep the record straight here, Your Honor, Prosecuting Attorney now files Count 2, charging the defendant with assault and battery with intent to kill.
"THE COURT: All right.
"MR. PETERSON: Mr. Darmody, now you understand that?
"A. Yes.
"MR. PETERSON: That was the note in there from Mr. Mehl, that you were to plead guilty. But this is up to you. I don't know anything about Mr. Mehl, or care. You are sure this is what you want to do?
"A. Yes.
"MR. PETERSON: You understand the affidavit for assault and battery reads as follows: [omitting formal parts]

'The undersigned affiant swears that on or about the 20th day of July, 1969, at the County of Elkhart and State of Indiana, one John James Darmody did, then and there unlawfully commit assault and battery with intent to kill to-wit: That on or about the 20th day of July, 1969 in the City of Goshen, Elkhart County, State of Indiana, one John James Darmody held a knife against the throat and other parts of Dorothy Larson's body forcing her to drive him to various points in the County and with the intent to kill her. Contrary to

the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana.'

"A. Yes.

"MR. PETERSON: You fully understand that?

"A. Yes.

"MR. PETERSON: You fully understand all of your constitutional rights here?

"A. Yes.

"MR. PETERSON: And you wish to waive further arraignment and enter a plea of guilty. Is that correct?

"A. Yes.

"MR. PETERSON: You also told me you wished to go to Michigan City today if you could. Is that right?

"A. Yes.

"MR. PETERSON: Do you also wish to waive presentence investigation?

"A. Yes. I said that in my plea. I believe I did.

"THE COURT: I am scared of waiver of the presentence investigation.

"MR. PETERSON: Yes.

"A. There won't be no trouble from me.

"MR. PETERSON: Why don't we have presentence investigation, Your Honor, and I think Ray can have it this afternoon.

"THE COURT: All right. (Dictating docket entry) Prosecuting Attorney files Count 2 of the affidavit herein. Defendant in court; arraigned on said second count of the affidavit; all of his legal and constitutional rights fully explained to him; pleads guilty to Count 2 of the affidavit. Finding that said defendant is guilty of assault and battery with intent to kill as charged in Count 2 of said affidavit.

How old are you?

"A. 40. I will be 41 June 11.

"THE COURT: (continuing dictating docket entry) That he is 40 years of age. Referred to the Probation Officer for investigation and report.

"MR. PETERSON: Now, what time this afternoon would the Court be available, Your Honor?

"THE COURT: All afternoon.

"MR. PETERSON: Would 2:00 then be all right?

"THE COURT: Yes.

"MR. PETERSON: Would you bring him back at 2:00?

"MR. JOHNSON: Yes.

"MR. PETERSON: All right."

Darmody was brought back to court at 2:00 o'clock P.M. with the presentence investigation completed. He was sentenced to the Indiana State Prison for a period of not less than two nor more than fourteen years.

Darmody filed a verified petition for post-conviction relief pursuant to PC. 1 of the Indiana Rules of Procedure on April 23, 1971. On May 25, 1972, Darmody through his third counsel, Ronald V. Aungst, appeared before the Honorable Aldo J. Simpson and submitted evidence. At the conclusion of the argument, the petition was denied by the court. Darmody timely filed his motion to correct errors which was overruled by the trial court.

## III.

## STATEMENT OF THE ISSUE

One issue will be discussed in the "Statement on the Law" section of our opinion:

Does the record reflect that John James Darmody knowingly and intelligently made a voluntary waiver of his constitutional right to have his legal counsel present at the arraignment on the second affidavit charging him with assault and battery with intent to kill before he entered his plea of guilty?

## IV.

## STATEMENT ON THE LAW

Darmody has filed his petition for post-conviction relief pursuant to PC. 1 of the Indiana Rules of Procedure. The content of his petition is that he wishes to withdraw his plea of guilty to assault and battery with intent to kill. Our courts have held that this is the proper method of attacking the plea after sentencing and the time period for appeal has elapsed. *Grimes* v. *State* (1972), 257 Ind. 660, 278 N.E.2d 271. Darmody's basic contention of error is that his plea of guilty was invalid. After the prosecutor

filed the second affidavit charging him with assault and battery with intent to kill, the record does not show a valid waiver of his constitutional right to have counsel present at this very critical stage of the criminal proceeding. We agree.

The law is now settled that at the arraignment, the accused has a constitutional right to have the assistance of counsel.

> *Kirby* v. *Illinois* (1972), 406 U.S. 682, 92 S. Ct. 1877, 32 L. Ed. 2d 411, and *Auer* v. *State* (1972), 154 Ind. App. 164, 289 N.E.2d 321.

> "A plea of guilty is not valid unless the accused either has counsel or has entered a knowing and voluntary waiver of his right to counsel." *Grimes* v. *State, supra,* 278 N.E.2d at 272.

The Supreme Court of the United States in *Johnson* v. *Zerbst* (1938), 304 U.S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461 stated the following regarding the constitutional right of the accused to be represented by counsel:

> "The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of the trial court, in which the accused—whose life or liberty is at stake— is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.
>
> * * *
>
> "The purpose of the constitutional guaranty of the right to Counsel is to protect an accused from conviction resulting from his own ignorance of his legal and constitutional rights, and the guaranty would be nullified by a determination that an accused's ignorant failure to claim his rights removes the protection of the Constitution. . . ." *Johnson* v. *Zerbst, supra,* 304 U.S. at 465.

At the hearing on the post-conviction relief motion, Darmody introduced the transcript of the arraignment and rested his case. As the record discloses, there was no attempt by the trial court to show, *in the record,* a clear waiver of the con-

stitutional right to have the presence of counsel at the arraignment. While it would be possible to infer from previous appearances before the court that Darmody wished to proceed without counsel, inferences are not sufficient. In *Brady* v. *United States* (1970), 397 U.S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747, the Supreme Court of the United States stated in an opinion delivered by Justice White that:

> ". . . Since an intelligent assessment of the relative advantages of pleading guilty is frequently impossible without the assistance of an attorney, this Court has scrutinized with special care pleas of guilty entered by defendants without the assistance of counsel and without a valid waiver of the right to counsel. [citations omitted.] Since *Gideon* v. *Wainwright*, 372 U.S. 355 (1963), it has been clear that a guilty plea to a felony charge entered without counsel and without waiver of counsel is invalid. [citations omitted.] "The importance of assuring that the defendant does not plead guilty except with a full understanding of the charges against him and the possible consequences of his plea was at the heart of our recent decisions in *McCarthy* v. *U.S.*, *supra*, and *Boykin* v. *Alabama*, 395 U.S. 238 (1969)." *Brady* v. *United States, supra*, 397 U.S. at 748-749 n. 6.

There must be a clear waiver of the right to the presence of counsel at the arraignment. The trial court has the affirmative duty to demonstrate a knowing and intelligent waiver *in the record*. In the unanimous opinion from this district, Judge Sharp wrote in *Lovera* v. *State* (1972), 152 Ind. App. 377, 283 N.E.2d 795, 800:

> "This reasoning is persuasive and was given constitutional dimension in Boykin v. Alabama (1969), 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274, where the U.S. Supreme Court held that in order to satisfy the constitutional requirements of due process, *the record of the entry of the plea* must demonstrate a knowing and intelligent waiver by the accused of his constitutional rights. Since the Boykin case, presuming waiver from a silent record in a guilty plea case is impermissible." (Our emphasis)

See also *Brimhall* v. *State* (1972), 258 Ind. 153, 279 N.E.2d 557, 564. Waiver of the constitutional right to have counsel present at the arraignment must be reflected by the record.

The trial court made no attempt to have the record reflect a knowing and intelligent waiver. We cannot presume a waiver.

## V.

## DECISION OF THE COURT

Arraignment on the second affidavit charging John James Darmody with assault and battery with intent to kill was a critical stage of the criminal proceeding. John Darmody has a constitutional right to the presence of his legal counsel at this stage of the proceeding. Waiver of this constitutional right will be scrutinized. The trial court's record must reflect a knowing and intelligent waiver which has been voluntarily made. Waiver will not be presumed or inferred. The record in the present case is silent as to any knowing and intelligent waiver. Therefore, the judgment of the trial court should be and the same hereby is reversed with instructions to grant John James Darmody's motion to withdraw his plea of guilty to assault and battery with intent to kill.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported at 294 N.E.2d 835.