LARRY THOMAS v. STATE OF INDIANA.

[No. 1-1272A103. Filed January 29, 1974. Rehearing denied March 8, 1974.]

*Harriette Bailey Conn,* [*Mrs.*], Public Defender of Indiana, *John R. Gerbracht,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Larry Gossett,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant was sentenced on June 28, 1971, to a term of ten years in the Indiana State Prison for the offense of commission of a felony while armed. Appellant filed a petition for post conviction relief. Following an evidentiary hearing on the petition, the Vanderburgh Circuit Court filed its findings of fact and conclusions of law, denying the relief requested. Appellant filed his motion to correct errors which was by the court overruled.

On January 29, 1971, the State filed Count 2 of an affidavit charging the appellant with armed robbery. The appellant offered to plead guilty to said charge and was questioned by the court concerning the voluntariness of his plea. The court advised the appellant of certain constitutional rights. The court then accepted the plea of guilty.

On February 3, 1971, the appellant again appeared in court before the regular judge and was permitted to withdraw his plea of guilty. The reason for this withdrawal apparently stems from the fact that the judge had erroneously stated an incorrect sentence at the January 29, 1971, hearing.

On June 10, 1971, following a change of judge, the appellant again appeared in the Vanderburgh Circuit Court on a charge of armed robbery before a special judge who accepted a plea of guilty from the appellant and ordered a pre-sentence investigation report. On June 28, 1971, the appellant appeared for sentencing and moved to withdraw his plea of guilty. This motion was denied by the court and appellant was sentenced.

Appellant first contends that he was never fully advised of his constitutional rights. The record of the June 10, 1971, hearing when appellant pleaded guilty discloses the following questions by the court and answers by the defendant which relate to constitutional rights:

Court: "Mr. Thomas, you have been advised by your attorney what the problems involved in this case are, have you not?"

Defendant: "Yes, sir."

Court "I don't want you to come back in six months with a petition to take this up as a post conviction relief. We have had that to happen in Princeton, they have filed just recently after they pleaded guilty. You know all about your rights, do you not?"

Defendant: "Yes, sir."

Court: "Your attorney has so advised you, is that right?"

Defendant: "Yes, sir."

Court: "On your plea of guilty, the court now finds you guilty of armed robbery. What is your age?"

\* \* \*

Every criminal defendant has certain rights guaranteed him by the Constitution of the United States and the Constitution of Indiana, including but not limited to the right to a public trial, the right to a jury, the right to be heard, the right to face his accusers, and the right

against compulsory self incrimination. Our Supreme Court, in the case of *Brimhall* v. *State* (1972), 258 Ind. 153, 279 N.E.2d 557, has discussed guilty pleas as follows:

"The appellant argues that the trial court abused its discretion in overruling the appellant's verified motion for vacation of judgment and for leave to withdraw his plea of guilty, and to enter a plea of not guilty. *It is important to emphasize that the appellant does not raise a question of guilt or innocence, but merely asks he be allowed to go to trial.* A plea of guilty, to be valid, must be made freely and understandingly by the accused. *Thacker* v. *State* (1970), [254] Ind. [665], 262 N.E.2d 189; *Harshman* v. *State* (1953), 232 Ind. 618, 115 N.E.2d 501; *State* v. *Lindsey* (1952), 231 Ind. 126, 106 N.E.2d 230; *Ketring* v. *State* (1935), 209 Ind. 618, 200 N.E. 212; *Rhodes* v. *State* (1926), 199 Ind. 183, 156 N.E. 389. The law in this State as it applies to pleas of guilty was well stated in *Harshman* v. *State, supra,* where it was said:

'Under our practice an accused may enter a plea of guilty in any case, and thereby waive his constitutional right to trial by jury. But to be valid and binding upon the accused, such a plea must be made by the accused intelligently, advisedly and understandingly, and with full knowledge of his rights, and with the considered approval of a judge before whom he stands charged.' 232 Ind. at 620, 115 N.E.2d at 502.

The reasons for this careful approach to a plea of guilty were well expressed by the United States Supreme Court in a recent case, where it was said:

'That a guilty plea is a grave and solemn act to be accepted only with care and discernment has long been recognized. Central to the plea and the foundation for entering judgment against the defendant is the defendant's admission in open court that he committed the acts charged in the indictment. He thus stands as a witness against himself and he is shielded by the fifth amendment from being compelled to do so—hence the minimum requirement that his plea be the voluntary expression of his own choice. But the plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial—a waiver of his right to trial before a jury or a judge. Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and

likely consequences.' *Brady* v. *United States* (1970), 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747."

Thus, it is the law that a waiver cannot be presumed from a silent record and the record must disclose that the accused has been fully advised of his rights in order to demonstrate that the waiver was knowingly and intelligently given.

In the case of *Boykin* v. *Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, the United States Supreme Court held that a plea of guilty was paramount to a conviction and that the admissibility of the same must be based on a determination that the plea was voluntarily given. The Court held as follows:

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. *Malloy* v. *Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653. Second, is the right to trial by jury. *Duncan* v. *Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. Third, is the right to confront one's accusers. *Pointer* v. *Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. We cannot presume a waiver of these three important federal rights from a silent record." See, also, *Darmody* v. *State* (1973), 156 Ind. App. 88, 294 N.E. 2d 835.

The record of the proceedings before the special judge discloses that the *court* did not advise the appellant of his constitutional rights. The State of Indiana argues that showing in the record that the appellant's attorney had advised him of certain rights is sufficient to establish that said rights were given to the appellant. It is the court's responsibility to advise an accused of the rights which he has and which he will waive by a plea of guilty. The trial court may not delegate to anyone, including the attorney for the accused, its obligation to advise the accused of his rights. *Brady* v. *U.S.* (1970), 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; *Bonner* v. *State* (1973), 156 Ind. App. 513, 297 N.E.2d 867.

The State further argues that the appellant was given his rights at the hearing on January 29, 1971, by the regular judge of the court. The record discloses the following questions and answers between the court and the appellant relating to his rights on January 29, 1971, are as follows:

Q. "Is this a voluntary plea?"
A. "Yes, sir."
Q. "You understand that you have the right to a trial by this court or by a jury, if you don't plead guilty."
A. "Yes, sir."

\* \* \*

Q. "You further understand if you did go to trial you would have a right to call witnesses in to testify on your behalf if you had such witnesses?"
A. "Yes, sir."
Q. "Also you would have a right to cross-examine any witness that testified against you on behalf of the State?"
A. "Yes, sir."
Q. "You have been in court before and have been convicted of a crime."
A. "Yes, sir."
Q. "You know what your rights are pretty well, don't you?"
A. "Yes."

Without deciding whether any rights given by the regular judge on January 29, 1971, would be valid at the June 10, 1971, hearing, we do note that at no time was the appellant advised of his right against compulsory self incrimination by either judge. Since a waiver cannot be presumed from a silent record, this court must assume that the appellant was not advised of said right.

In *Boykin, supra,* the court delineated three specific rights which must be given to the accused and it is not sufficient for the court to advise an accused of only two of these rights. *Bonner* v. *State, supra; People* v. *Jaworski* (1972), 387 Mich. 21, 194 N.W.2d 868.

In the *Bonner* case, *supra,* this court was faced with a strikingly similar situation. The court discussed the issue and the proof involved as follows:

"In discharge of his burden to establish grounds for postconviction relief required by Rule P.C. 1, § 5, Bonner presents a record of the guilty plea hearing which is devoid of any reference to his right to confront his accusers *and his right against compulsory self-incrimination.*" (Our emphasis.)

After setting out the evidence, the court concluded:

"More significant, however, is the complete absence of any instruction or indication of a waiver by Bonner as to *his right to confront his accusers and his right against compulsory self-incrimination.* His right to confront his accusers would seem particularly important in that an unnamed informer would be unavailable for questioning by him.

Assuming, without deciding, that Bonner was informed of his federally guaranteed right to a jury trial, he was not instructed by the court, nor does the record reveal that he otherwise knowingly waived his other federal constitutional rights against compulsory self-incrimination and the right to confront his accusers, which we interpret as the minimum requirements binding on state courts by *Boykin.* Two of the three links in the chain of federally guaranteed constitutional rights are missing.

Therefore, Bonner's conviction must be reversed on this basis without more."

From the law and record before this court it is our opinion that the appellant was never fully advised of his constitutional rights before his plea of guilty was entered. Thus, appellant satisfied his burden of proof in his petition for post conviction relief by showing that he was not informed of all of his constitutional rights by the trial court. The evidence having entitled the appellant to the relief which he sought in said petition, we hold that the decision of the trial court denying said relief was contrary to law.

This cause is reversed and remanded to the trial court with instructions to grant Thomas' petition for post conviction relief.

Robertson, P.J. and Lybrook, J., concur.

Note.—Reported at 306 N.E.2d 136.