GAYLE IVERS v. STATE OF INDIANA.

[No. 1-473A74. Filed April 3, 1974.]

*Harriette Bailey Conn* [*Mrs.*], Public Defender of Indiana, *Darrell Ellis,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *William S. McMaster,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—The defendant-appellant (Ivers) is appealing the denial of his petition for post-conviction relief. We reverse on the basis that there is no record to show that his plea of guilty was knowingly and voluntarily given.

Ivers appeared before the trial court on a charge of kidnapping. The arraignment was postponed for one week to enable Ivers to secure counsel. Conversation between Ivers and the trial court at this appearance consisted only of questions and answers relating to Ivers personal circumstance. About four and a half months later Ivers reappeared, with

counsel, and entered a plea of guilty to the second count of the affidavit. The record reveals the following to be the dialogue at that time.

"[BY DEFENSE COUNSEL]

I haven't talked to the defendant since he has been over here and I understand he is willing to waive arraignment and enter a plea of guilty to Count 2, is that right?

A. That's right.

Q. You understand what Count 2 is—Assault and Battery with intent to Commit a Felony?

A. Yes.

Q. And your plea to the charge is guilty, is that right?

A. Guilty.

Q. How old are you, Mr. Ivers?

A. Thirty.

[BY THE COURT]

Well, of course, on your plea of guilty, the court finds you guilty and finds your age to be 30 years and under the law the Court has to have a presentence investigation made by the Probation Officer and report back to the court before I pass sentence on you. That's all at this time."

The record must disclose that the accused has been fully advised of his rights to demonstrate that a waiver of his constitutionally guaranteed rights has been knowingly and voluntarily given. *Thomas* v. *State* (1974), 159 Ind. App. 224, 306 N.E.2d 136. The record in the instant case fails to disclose any mention in the record of any discussion of Ivers' rights.

Succinctly stated, the proposition is:

"The basic mandate under the Constitution of the United States as interpreted by the Supreme Court of the United States and under both the State and Federal Constitutions as interpreted in the recent decisions of the Supreme Court of Indiana is that a trial court must determine that a plea of guilty is "knowingly, intelligently, voluntarily and willingly entered."

It is also well established that a silent record can not be the basis of finding a knowing, intelligent, voluntary and willing entry of a plea of guilty. See *Boykin* v. *Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)." *Taylor* v.

*State* (1973), 156 Ind. App. 659, 297 N.E.2d 896 at 899. See also: *Chandler* v. *State* (1973), 261 Ind. 161, 300 N.E. 2d 877; Bonner v. State (1973), 156 Ind. App. 513, 297 N.E.2d 867.

This case is reversed and remanded to the trial court to grant the Petition for Post-Conviction Relief by setting aside the plea of guilty and for all other proper relief consistent with this opinion.

Judgment is reversed and remanded.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 308 N.E.2d 872.