GARY DON BURKS *v*. STATE OF INDIANA.

[No. 3-973A115. Filed October 16, 1974.]

*Patrick J. McNamara*, of South Bend, for appellant.

*Theodore L. Sendak*, Attorney General, *John H. Meyers*, Deputy Attorney General, for appellee.

PER CURIAM—Burks entered his plea of guilty to second degree burglary.[1] He is appealing the judgment of his conviction.

In his brief, Burks urges that his guilty plea must be set aside for the trial court's failure to adequately advise him of his constitutional rights before accepting the guilty plea. We agree and reverse.

1. IC 1971, 35-13-4-4; Ind. Ann. Stat. § 10-701 (Burns 1956).

The entire inquiry conducted by the trial court at the entry of Burks' guilty plea is as follows:

"THE COURT: Comes now the defendant and asks leave to withdraw his plea of not guilty to the charge contained in the affidavit and enters a plea of guilty to that charge. You have heard your counsel's statement, is that correct?

"DEFENDANT: Yes.

"THE COURT:

"Q. How old are you?

"A. Nineteen.

"Q. Any promises or threats been made to you?

"A. No.

"Q. You realize the Judge is the one that decides what shall be done with this and I won't know until I get a pre-sentence report. Are you presently on probation or parole?

"A. Parole.

"Q. How much longer do you have?

"A. Two years.

"Q. Do you realize that after pleading guilty you will have to serve your left over time from your parole status?

"A. Yes.

"Q. That has to be served consecutively do you appreciate that?

"A. Yes.

"Q. Have you been satisfied with your attorney's attention to this case?

"A. Yes.

"Q. And that he has given enough time to this and that this is the best?

"A. Yes.

"Q. You tell me what you did to make you guilty?

"A. We broke into the building.

"Q. What building?

"A. National Car Wash.

"Q. Did this occur on the 29th of October, 1972?

"A. Yes.

"THE COURT: Now defendant asks leave to withdraw his prior plea of not guilty which leave is granted . . ."

In *Brimhall* v. *State* (1972), 258 Ind. 153, 279 N.E.2d 557, 563-4, the Supreme Court of Indiana recognized the grave nature of a guilty plea and its effect upon the defendant's fundamental constitutional rights:

> ". . . [T]he trial court has a duty to closely scrutinize the situation and to be sure that the offered plea is freely and understandingly given, . . .
> "In discharging this duty to consider and pass upon the validity of the guilty plea, the trial judge must put on the record facts which indicate the status of the plea. . . ."

The record must show that the accused has been fully advised of his constitutionally guaranteed rights to a trial by jury, to confrontation of his accusers and to the privilege against self-incrimination. In order to demonstrate a waiver of these rights, the record must show that the guilty plea was intelligently, voluntarily and understandingly entered. *Thomas* v. *State* (1974), 159 Ind. App. 224, 306 N.E.2d 136; *Bonner* v. *State* (1973), 156 Ind. App. 513, 297 N.E.2d 867.

The record fails to disclose any discussion of Burks' rights and the effect of a guilty plea upon these rights. Neither the silent record nor the fact that Burks was represented by counsel when he entered his plea permits a finding that Burks' plea was a knowing, intelligent and voluntary plea of guilty. See *Goode* v. *State* (1974), 160 Ind. App. 360, 312 N.E.2d 109.

The trial court's failure to fully advise Burks of his constitutional rights and the consequences of a guilty plea is reversible error. Therefore, the trial court's denial of Burks' motion to correct errors is reversed with instructions to vacate the sentence and permit Burks to withdraw his plea of guilty.

NOTE.—Reported at 317 N.E.2d 820.