WILLIAM E. TOON *v.* STATE OF INDIANA.

[No. 1-474A74. Filed October 31, 1974.]

Thomas Lockyear, of Evansville, for appellant.

Theodore L. Sendak, Attorney General, Robert F. Colker, Assistant Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant Toon was charged by affidavit with the crime of second degree burglary. On February 13, 1973, Toon waived arraignment and pleaded guilty to the crime as charged. Toon was sentenced on February 21, 1973, pursuant to statute.

On September 18, 1973, Toon filed his petition · for post conviction relief. A hearing was held on an amended petition for post conviction relief, which was denied by the court. Toon timely filed his motion to correct errors, which was by the court overruled.

The only issue necessary to be discussed in this appeal is whether the guilty plea entered by Toon should have been accepted by the trial court and whether Toon was advised of his constitutional rights prior to the entering of his plea of guilty. The pertinent portions of the arraignment hearing held on February 13, 1973, including the questions propounded

by the court and the answers given by Toon, are as follows, to-wit:

"Q. You're up here in court—I haven't seen the charge yet—it says Second Degree Burglary. You are up here to be arraigned, Mr. Toon. Have you seen a lawyer yet?

A. No.

Q. Do you want to talk to a lawyer first?

A. Plead guilty.

Q. That wasn't the question I asked you. I've got to ask you these things, it's my duty. You have a right to talk to a lawyer before you are arraigned.

A. No.

Q. You realize, do you not, that you are entitled to one to help you now and entitled to have a trial, if you want to, either by court or jury.

A. I know that.

Q. You understand if you do not like the decision of the court or jury, you have a right to appeal to the Indiana Supreme Court, you understand that?

A. Yes.

Q. Do you know all your rights?

A. Yes.

Q. Do you know what the penalty on this charge is?

A. Yes, breaking and entering.

Q. Do you know what the penalty is, what you can get out of it?

A. No, I don't know what it is.

Q. Two to five years. Are you ready to be arraigned now?

A. I'm ready to be arraigned."

The trial court again questioned Toon at the sentencing on February 21, 1973, as follows:

"Q. Any question you want to raise about what's happened up until now?

A. None.

Q. You know what you were doing, did you not, and everything like that? No question about that part of it?

A. No.

Q. You knew what you were doing when you pleaded guilty to this charge and know about your rights in court, do you not?

A. Yes.

Q. Any of them been violated, to your knowledge? Any of your rights been deprived of you since you've been up here?

A. Yes.

Q. What I mean, have you been denied any constitutional rights in court that you know of?

A. No.

Q. Do you know what the penalty is?

A. Yes."

It is well settled that a guilty plea is an important step in the criminal procedure. To stand the constitutional test the guilty plea must be entered after the accused has been fully advised of his constitutional rights and a waiver of those rights cannot be presumed from a silent record. This fundamental principle of law was discussed by this court in *Thomas* v. *State* (1974), 159 Ind. App. 224, 306 N.E.2d 136, 138, as follows:

"In the case of *Boykin* v. *Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 the United States Supreme Court held that a plea of guilty was paramount to a conviction and that the admissibility of the same must be based on a determination that the plea was voluntarily given. The Court held as follows:

'Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. *Malloy* v. *Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653. Second, is the right to trial by jury. *Duncan* v. *Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. Third, is the right to confront one's accusers, *Pointer* v. *Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13

L.Ed.2d 923. We cannot presume a waiver of these three important federal rights from a silent record.' See, also, *Darmody* v. *State* (1973), [156] Ind. App. [88], 294 N.E.2d 835.

The record of the proceedings before the special judge discloses that the *court* did not advise the appellant of his constitutional rights. The State of Indiana argues that the showing in the record that the appellant's attorney had advised him of certain rights is sufficient to establish that said rights were given to the appellant. It is the court's responsibility to advise an accused of the rights which he has and which he will waive by a plea of guilty. The trial court may not delegate to anyone, including the attorney for the accused, its obligation to advise the accused of his rights. *Brady* v. *United States* (1970), 397 U.S. 742, 90 S.Ct. 1463, 25 L.E.2d 747; *Bonner* v. *State* (1973), [156] Ind. App. [513], 297 N.E.2d 867." (Original emphasis.)

In the case at bar the trial court did inform Toon of his right to a trial by jury. However, the record is devoid of any mention of the right against compulsory self-incrimination or the right to confront one's accusers.

It is fundamental that the record must disclose that the accused has fully been advised of his rights in order that a waiver of constitutionally guaranteed rights may be proper. The record must show that the waiver was knowingly and voluntarily given. *Ivers* v. *State* (1974), 159 Ind. App. 655, 308 N.E.2d 872.

From the record before us it is our opinion that Toon was never fully advised of his constitutional rights before the entering of his plea of guilty. This being the case, Toon satisfied his burden of proof in his petition for post conviction relief by showing he was not advised of all his constitutional rights by the trial court. Thus, the trial court erred when it denied the relief sought in the petition for post conviction relief and said denial was contrary to law.

This cause is reversed and remanded to the trial court with instructions to grant Toon's petition for post conviction relief

by setting aside the plea of guilty and for all other proper relief consistent with this opinion.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 317 N.E.2d 875.