JOHN VINCENT KITE *v.* STATE OF INDIANA.

[No. 2-174A10. Filed November 6, 1974.]

*Harriette Bailey Conn* [*Mrs.*], Public Defender of Indiana, *William B. Bryan,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Henry O. Sitler,* Deputy Attorney General, for appellee.

LYBROOK, J.—Petitioner sought and was denied relief pursuant to Ind. Rules of Procedure, Post-Conviction Remedies, Rule 1, from a plea of guilty entered November 20, 1970, at his arraignment on a charge of rape. We reverse.

This court has construed *Boykin* v. *Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, as requiring an in-court advisement and waiver of a defendant's right to trial by jury, right to confront his accusers, and privilege against compulsory self-incrimination prior to the acceptance of a plea of guilty. The court's duty to advise is non-delegable and is not discharged by a showing, as in the instant case, that the defendant's constitutional rights were explained to him by court appointed counsel prior to arraignment. See, *Bonner* v. *State* (1973), 156 Ind. App. 513, 297 N.E.2d 867; *Thomas* v. *State* (1974), 159 Ind. App. 224, 306 N.E.2d 136;

*Goode* v. *State* (1974), 160 Ind. App. 360, 312 N.E.2d 109; *Toon* v. *State* (1974), 162 Ind. App. 77, 317 N.E.2d 875.

The record of petitioner's post-conviction relief hearing reveals that his plea of guilty was entered pursuant to negotiations with the prosecuting attorney, wherein it was agreed that the State would move to dismiss a charge of armed robbery and refrain from filing other charges which, if prosecuted to conviction, could have resulted in a sentence of life imprisonment. Prior to arraignment, Kite's counsel drafted a detailed memorandum explaining the agreement which had been reached. This memorandum was submitted to Kite for his examination and bears his signature. Included therein is an explanation of the various constitutional rights which would be waived upon entry of the plea. While it does not, due to the decisions of this court, cure or render harmless the trial court's failure to advise, we believe such practice is deserving of compliment and should be encouraged.

Reversed and remanded with instructions to grant petitioner relief by vacating his judgment of conviction and plea of guilty.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 318 N.E.2d 390.