Arnold **GUAJARDO,**
**Petitioner–Appellant,**

v.

**STATE of Indiana,**
**Respondent–Appellee.**

**No. 64A03–8903–PC–94.**

Court of Appeals of Indiana,
Third District.

Sept. 25, 1989.

David E. Vandercoy, Valparaiso University Law Clinic, Valparaiso, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

GARRARD, Presiding Judge.

This case is an appeal from the Porter County Superior Court's denial of appellant's petition for post-conviction relief brought pursuant to Indiana Rules of Procedure, Post–Conviction Remedy Rule 1. Guajardo presents three issues for review:

1. Whether the sentencing court erred in sentencing the appellant without the presence of counsel.
2. Whether the trial court's admonition to appellant that a guilty plea waives the right to face witnesses is sufficient to support the conclusion that the appellant voluntarily and intelligently waived his right to confrontation.
3. Whether the trial court's finding of laches is erroneous.

We affirm the ruling of the Porter County Superior Court.

*Facts*

On December 17, 1975, Arnold Guajardo pleaded guilty to robbery pursuant to a plea agreement providing that in exchange for a guilty plea, the State would not prosecute a kidnapping charge. Appellant was represented by counsel and was asked by the court if he understood that by pleading guilty he was waiving, *inter alia*, "the right to face witnesses against you." The appellant responded affirmatively.

At the guilty plea hearing, Guajardo's counsel advised the court that Guajardo was being treated at Beatty Memorial Hospital as a criminal sexual deviant pursuant to an order from the Lake County Superior Court, Criminal Division. Counsel requested that Guajardo be allowed to continue treatment at Beatty Memorial rather than be committed to the Department of Corrections. The court advised counsel that it would find out whether Beatty Memorial

would continue to treat the Guajardo under the Lake County ·order.

On December 19, 1975, Guajardo was sentenced to a term of not less than 10 or more than 25 years for robbery. The docket shows that Guajardo's counsel was not present at sentencing but that counsel had conferred with the court prior to the hearing. A transcript of the sentencing hearing is not available. Appellant was paroled in February, 1983.

Appellant filed a petition for post-conviction relief on April 2, 1986, amended May 27, 1988, alleging that his sentencing was invalid because counsel was not present and that his guilty plea was invalid because he was not properly advised that he was waiving his constitutional right of confrontation.

On October 25, 1988, the trial court denied Guajardo's petition for post-conviction relief, finding his guilty plea to have been intelligently and voluntarily made, and finding that the absence of counsel at sentencing did not affect the court's imposition of a mandatory sentence. Alternatively, the court found that the doctrine of laches barred Guajardo's petition. Guajardo's motion to correct errors was denied.

### Discussion

Guajardo argues that he was denied his sixth amendment right to the assistance of counsel at his sentencing.

The guarantee of assistance of counsel in one's defense applies to "critical" stages of a criminal prosecution, *United States v. Wade*, (1967), 388 U.S. 218, 224, 87 S.Ct. 1926, 1931, 18 L.Ed.2d 1149, 1156, and assures the aid of counsel "when the accused is confronted with both the intricacies of the law and the advocacy of the public prosecutor." *United States v. Gouveia* (1984), 467 U.S. 180, 188–89, 104 S.Ct. 2292, 81 L.Ed.2d 146, 154. Appellant contends that sentencing is a critical stage of a criminal proceeding, requiring the assistance of counsel. Appellant has ample support for his contention. In *Mempa v. Rhay* (1967), 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, the defendant, who previously had been represented by counsel, was not represented at a hearing to revoke his probation and was sentenced to 10 years' imprisonment. The Supreme Court found that potential and substantial prejudice inhered in the confrontation, *United States v. Wade, supra*, 388 U.S. at 227, 87 S.Ct. at 1932, 18 L.Ed.2d at 1157, because in the sentencing proceeding the defendant could lose certain rights granted by state law. *Mempa v. Rhay, supra*, 389 U.S. at 136, 88 S.Ct. at 258, 19 L.Ed.2d at 341. Defendants have a right to representation by counsel at hearings to revoke probation because the right to counsel applies at sentencing. *Id.* at 134, 88 S.Ct. at 256–57.

In *Gardner v. Florida* (1977), 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393, the Court, per Justice Stevens, held that sentencing is a critical .stage of the criminal proceeding at which the defendant is entitled to the effective assistance of counsel. 430 U.S. at 358, 97 S.Ct. at 1205, 51 L.Ed.2d at 402. *See also Tully v. Scheu* (1979), 607 F.2d 31 (right to counsel at sentencing applies also to hearing to reduce sentence). The Indiana Supreme Court has also implicitly recognized the right to counsel at sentencing when it held that a pre-sentence interview did not require the assistance of counsel. *Lang v. State* (1984), Ind., 461 N.E.2d 1110, 1115. The court stated that the final sentencing hearing is the "proper forum for safeguards where counsel can· point out any irregularities in the presentence report." *Id.*

At critical stages of a criminal proceeding, the right to assistance of counsel includes the right to have counsel present at the proceeding. *Darmody v. State* (1973), 156 Ind.App. 88, 95, 294 N.E.2d 835, 840 (defendant has a constitutional right to the presence of his counsel at arraignment). When counsel is not present, the trial court has an affirmative duty to demonstrate in the record the defendant's knowing and intelligent waiver. *Id.* at 94, 294 N.E.2d 835. In Guajardo's case, the trial court did not preserve a transcript of the sentencing hearing. The court docket merely notes the absence of counsel and the fact that defense counsel

conferred with the judge prior to the sentencing hearing. No record of a waiver of counsel by Guajardo exists.

We conclude, therefore, that Guajardo had a constitutional right to the presence of counsel at his sentencing hearing.

■ That conclusion, however, does not require a reversal in the present case. Guajardo's only claimed harm was that counsel's absence may have contributed to his losing the opportunity to continue treatment which he had been receiving for criminal sexual deviancy at Beatty Memorial Hospital in connection with a prior offense.

The sentence he received was the mandatory sentence for the offense. IC 35–13–4–6, repealed effective July 1, 1977 by Acts 1976, P.L. 148, § 24. He served that sentence until he was paroled in 1983, more than seven years after his conviction. Indeed, more than ten years elapsed before Guajardo initiated his proceeding for post conviction relief. Under these circumstances, and because the error does not affect the validity of the conviction, the error has been mooted since nothing can be done to correct it. Resentencing would serve no purpose. *Cf. Ford v. State* (1979), 179 Ind.App. 535, 386 N.E.2d 709.

Guajardo's second argument is that an admonition at a guilty plea hearing, that the accused is waiving his right to face witnesses, without any reference to cross-examination or confrontation is not sufficient to constitute knowing and voluntary waiver of the right to confrontation.

■ The right to confront one's accusers is one of three important federal rights which the record must show defendant waived before pleading guilty. *Boykin v. Alabama* (1969), 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 279. The right to confront witnesses includes the right to "full, adequate and effective cross-examination." *Miller v. State* (1987), Ind., 517 N.E.2d 64, 68.

■ The record of the guilty plea hearing shows that Guajardo was advised that he would waive "the right to face witnesses against [him]" by pleading guilty. This language is the same language required by IC 35–4.1–1–3(c), repealed, effective September 1, 1982, by Acts 1981, P.L. 298, § 9 amended and recodified as IC 35–35–1–2. Indiana has held that the advisement of rights necessary to satisfy *Boykin* need not occur in the precise language of the Indiana Code. *Romine v. State* (1982), Ind., 431 N.E.2d 780, 784. In *Taylor v. State* (1984), Ind., 459 N.E.2d 37, the words "you are giving up your right ... to have witnesses appear for you in your favor and the State's witnesses against you," was sufficient to advise defendant of his right to face the witnesses against him. *Id.* at 39. While cross-examination is a primary part of the right to confront witnesses, all that is constitutionally required by *Boykin* is that the accused be adequately advised of his confrontation right. Moreover, since exact repetition of statutory language is not required to adequately advise the accused of his confrontation right, we hold that repetition of the words in IC 35–4.1–1–3(c) was adequate to advise the appellant of his right to confront and cross-examine witnesses against him.

Finally, Guajardo argues that the trial court erred in finding that the equitable doctrine of laches applied to his petition.

■ The State is required to prove laches by a preponderance of the evidence. *Twyman v. State* (1984), Ind., 459 N.E.2d 705, 711. For laches to bar relief in a hearing for post-conviction relief, the State must prove, first, that the petitioner unreasonably delayed in seeking relief and, second, that the State has been prejudiced by the delay. *Perry v. State* (1987), Ind., 512 N.E.2d 841, 843. The State may prove prejudice by showing that the arresting officers have no independent recollection of the event, *id.* at 846, n. 3, that key witnesses have died, that key witnesses have moved away, or that files and records have been destroyed. *Kindred v. State* (1987), Ind.App., 514 N.E.2d 314. The State has proven neither these nor similar types of prejudice; therefore, the trial court's alternative ruling that laches barred Guajardo's petition for post-conviction relief is in error.

### Conclusion

Despite the trial court's erroneous alternative finding of laches, we affirm the judgment.

CHEZEM, P.J., and STATON, J., concur.