**Earl Eugene CLARK, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 18A04–9205–CR–153.[1]**

Court of Appeals of Indiana,
First District.

Sept. 11, 1991.

Jack Quirk, Muncie, for appellant-defendant.

Linley E. Pearson, State Atty. Gen. and Richard C. Webster, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

ROBERTSON, Judge.

Earl Eugene Clark appeals his conviction after a jury trial of Burglary, a class B felony, for which he received a sixteen (16) year sentence. Clark raises two issues, but because one mandates our reversal, we address it only. It is:

1. This case was diverted to this office by direction of the Chief Judge.

whether Clark was denied the right to counsel at a pretrial hearing held on his motion to suppress the eyewitnesses' identification evidence?

## FACTS

The evidence in the light most favorable to the verdict indicates that Clark burgled a home early in the morning on August 12, 1990. During the burglary, the residents of the home awoke and saw Clark. The victims identified Clark from a photo array and again at trial. Property stolen from the home during the burglary was never found.

The evidence germane to this appeal is virtually undisputed. Clark filed a pretrial motion to suppress the victims' identification of Clark alleging that the out-of-court identification procedures used by the police were improper and tainted the witnesses' ability to identify Clark as the burglar. The trial court set Clark's motion for a hearing to be held at 9:00 a.m. on October 18, 1990. Clark, his attorney, the deputy prosecutor, and the State's witnesses were all present in court at 9:00 a.m. on that date. Unfortunately, the trial judge was absent. He was at the local hospital conducting sanity hearings. Clark's attorney waited for over an hour and left because he was required to appear in another court in another county and the trial court's personnel could not say when the judge would arrive. The judge finally arrived and called the cause for hearing. The following colloquy took place between the judge and the deputy prosecutor:

> Deputy prosecutor: Your Honor, this is a Motion to Suppress hearing today. The State is prepared to go to hearing. Our witnesses are here, but, [Clark's attorney] is not here. The State would ask to go ahead and put on evidence and if [Clark's attorney] desires to cross-examine them, he can either probably do so at trial or he could take their depositions.
>
> Court: All right.

\* \* \* \* \* \*

> Mr. Clark, you're kind of in an unenviable position. Your attorney is not available. He was here earlier this morning, but he's been called to a court in another county and I was here this morning at another location holding court and while your attorney was waiting for me, I was waiting on another attorney. But, at this particular time, we are going to proceed. I'm not going to wait any further. And at this time, I will allow the State to present its evidence and [your attorney] may then listen to those tapes and if he chooses to cross-examine those persons at a later time he may do so. Do you understand that, sir?

The trial court then permitted the State to call witnesses and examine them without Clark's attorney being present.

## DECISION

The right to counsel at all critical stages of a criminal proceeding is a fundamental one and the denial of this right constitutes a denial of fundamental due process. *Ellis v. State* (1987), Ind.App., 525 N.E.2d 610. A critical stage of a criminal proceeding is defined as a stage where substantial rights of a criminal accused may be affected. *Id.* Critical stages are those parts of proceedings where incrimination may occur or where the opportunity for effective defense may be seized or be foregone. *Manley v. State* (1980), Ind. App., 410 N.E.2d 1338. The guarantee of assistance of counsel in one's defense applies to critical stages of criminal prosecutions and assures the aid of counsel when the accused is confronted with both the intricacies of the law and the advocacy of the public prosecutor. *Guajardo v. State* (1989), Ind.App., 544 N.E.2d 174.

We believe that Clark's pretrial motion to suppress the State's identification evidence constituted an opportunity for an effective defense to be seized. As a practical matter, had Clark's motion been granted, the State's ability to prosecute him would have been foreclosed. Moreover, we believe the pretrial motion to sup-

press the identification evidence constituted a stage in the proceedings where Clark was confronted with both the intricacies of the law and the advocacy of the public prosecutor.

We must conclude that Clark was denied the right to counsel during a critical phase of the present proceedings. Therefore, we must reverse and remand for a new trial.

Judgment reversed.

BAKER and CONOVER, JJ., concur.