Leroy **GIBBS**, Appellant–
Defendant Below,

v.

**STATE of Indiana**, Appellee–
Plaintiff Below.

No. 76A03–9207–CR–214.

Court of Appeals of Indiana,
Third District.

March 22, 1993.

Brent Westerfeld, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Leroy Gibbs appeals his convictions for criminal confinement,[1] a Class B felony; robbery,[2] a class B felony; two counts of receiving stolen property,[3] a Class D felony, and of being an habitual offender.[4] Gibbs raises six issues for our review, one of which is dispositive.

I. Whether Gibbs' constitutional rights were violated when he was questioned by the court without the assistance of counsel.

We reverse.

On August 24, 1990, Gibbs, who was armed with a stolen 12 gauge shot gun, confronted Barbara Scott in the Pigeon Creek rest area along Interstate 69. Gibbs robbed Scott, taped her to a tree and stole her automobile. The following day, in Ohio, Gibbs was found sleeping in Scott's car and was arrested.

Gibbs attempted suicide in early December, 1990, and again in early January 1991. Because the Steuben County Jail was unable to protect Gibbs from himself, the trial court granted the Sheriff's request to transfer Gibbs to the Department of Corrections as a "safekeeper".

On January 29, 1991, Gibbs filed notice of an insanity defense. On April 17, 1991, the court appointed a psychologist and a psychiatrist to examine Gibbs. On May 1, Gibbs saw the psychologist but refused to answer questions. Gibbs was then called into court (without defense counsel or the prosecutor being present) and asked whether he would refuse to talk with the psychiatrist. Gibbs stated "I refuse." Later that day, the trial court withdrew Gibbs' insanity defense.

On July 19, 1991, Gibbs filed a motion to reinstate his insanity defense which the trial court summarily denied on the same day. On October 28, 1991, Gibbs made a second motion to reinstate the insanity defense and petitioned for a psychiatric evaluation concerning Gibbs' competence to stand trial. In response to these motions, the court appointed two psychiatrists to evaluate Gibbs' competency to stand trial and his sanity.

On November 4, 1991, Gibbs met with Dr. Cruz–Diaz. After that meeting and before Gibbs' could meet with the second doctor, Gibbs allegedly attempted suicide by taking an overdose of "red pills". The trial court received reports from the Cameron Hospital in Angola, Indiana, and the Steuben County Jail physician that revealed "no ingestion of medication ... [and] no medical explanation for the symptoms [Gibbs] exhibited" which resulted in his hospitalization on November 4, 1991. Record, p. 93.

Prior to Dr. Cruz–Diaz making his report to the court, he was advised of Gibbs' alleged attempted suicide. Dr. Cruz–Diaz' report diagnosed Gibbs as a malingerer and found Gibbs competent to stand trial. After receiving these reports, the trial court found Gibbs competent to stand trial and denied Gibbs' motion to reinstate the insanity defense. The second doctor's evaluation which appears to have been rescheduled for November 11, 1991, was not in the record.

1. IND. CODE 35–42–3–3 (Supp.1992).

2. IC 35–42–5–1 (1988).

3. IC 35–43–4–2 (1988).

4. IC 35–50–2–8 (Supp.1992).

## I.

### Right to Counsel

■ On January 29, 1991, Gibbs gave notice of his intent to rely on the insanity defense.[5] In accordance with IND. CODE 35–36–2–2 (1988), the trial court appointed two mental health professionals to examine Gibbs. On May 1, 1991, Gibbs attended a meeting with Dr. Lieb, and Gibbs refused to answer Dr. Lieb's questions. Gibbs was then taken before the court. The prosecutor and Gibbs' defense counsel were not present.

COURT: ... Mr Gibbs, I just have one question for you. I don't want to carry on a conversation or try to get you to say anything that's going to affect your case. The Sheriff has reported to me that you refuse[d] to be interviewed by Dr. Lieb this morning. There is also scheduled for you an appointment and an interview with Dr. Jay Fawver in Fort Wayne tomorrow at 3:00 P.M. and I need to know whether or not you will refuse to talk with Dr. Fawver also.

Gibbs: Yes, I refuse.

Court: Okay. That's all I need to know.

Record, p. 236. Later that day, the trial court entered an order which stated "the defendant's defense of insanity is withdrawn." Record, p. 43.

Gibbs argues this hearing was at a critical stage of the proceedings and that he was entitled to the assistance of counsel during that hearing. Gibbs' also argues, based on the hearing, he was denied the insanity defense. "[T]he proper test for determining whether a particular proceeding is a 'critical stage' to which the assistance of counsel guarantee applies, is whether the defendant is confronted with the intricacies of the law or the advocacy of the public prosecutor or prosecuting authorities." *Williams v. State* (1990), Ind., 555 N.E.2d 133, 136.

The State contends the hearing was not a critical stage because the hearing was a perfunctory administrative procedure, and there is no right to counsel during perfunctory administrative procedures. *Williams, supra* (mental examinations not critical stage); *Gillie v. State* (1984), Ind., 465 N.E.2d 1380 (collection of writing exemplar and hair samples not a critical stage). Yet, we conclude the May 1, 1991, hearing was not an administrative procedure, because Gibbs' substantive right to a defense was affected. There is no indication Gibbs understood how the judge's question would affect his substantive right to rely on the insanity defense. Moreover, the record does not contain any evidence that Gibbs knowingly or intelligently waived his right to counsel at this hearing. *Guajardo v. State* (1989), Ind.App., 544 N.E.2d 174, 176.

■ One of the purposes underlying the right to counsel at critical stages is to protect the accused who is confronted by the procedural system in a situation where the results of the confrontation might well settle his fate and reduce the trial itself to a mere formality. *Williams, supra,* at 136 (quoting *United States v. Gouveia* (1984), 467 U.S. 180, 188–89, 104 S.Ct. 2292, 2298, 81 L.Ed.2d 146, 154–55). While the trial court judge is a neutral party to the proceedings, Gibbs was faced with an intricacy of the law. It is clear that Gibbs could have benefited from the advice of counsel.

The merits of whether Gibbs was sane at the time of the crime were never addressed. Dr. Lieb who met with Gibbs on May 1, 1991, was unable to form an opinion concerning Gibbs' sanity at the time of the crime. The trial court summarily denied Gibbs' July 19, 1991 motion to reinstate the insanity defense. Additionally, on October 28, 1991, Gibbs filed a second motion to reinstate his insanity defense. The trial court stated it would rule on Gibbs' insanity defense following the determination of Gibbs' present competence to stand trial.[6]

---

**5.** The State argues for the first time on appeal that Gibbs' assertion of the insanity defense was untimely. Because the State made no objection to the untimely filing at trial, the State has waived any objection to the insanity notice. Additionally, it appears the decision of the trial court to strike the notice had nothing to do with the time limits in IND. CODE 35–36–2–1, but rather as a result of Gibbs' hearing without counsel.

**6.** We note that the defendant's competency at the date of trial and the defendant's sanity at the

On November 4, 1991, Gibbs met with Dr. Cruz–Diaz who was able to form an opinion as to Gibbs' ability to stand trial; however, he was unable to form an opinion concerning Gibbs' sanity at the time of the crimes. After receiving this report, the trial court then denied the second motion to reinstate the insanity defense.

The May 1, 1991 hearing was an opportunity for an effective defense to be seized or lost. In this case, Gibbs' lack of counsel caused this defense to be lost, settled Gibbs' fate and reduced the trial to a mere formality. *Williams, supra.* Additionally, because Gibbs appeared before the trial court without the aid of counsel, this court cannot expect Gibbs, who may have been unable to understand the purpose of the hearing, to raise his competency as an issue before the trial court.

We reverse.

GARRARD and SULLIVAN, JJ., concur.

date of the crime are two separate issues. *See*

IC 35–36–2–1 to 5 and IC 35–36–3–1.