**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 25 2013, 5:57 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KATHRYN C. BYROM**
Kendallville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES E. NORRIS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 57A03-1302-CR-61 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE NOBLE CIRCUIT COURT
The Honorable G. David Laur, Judge
Cause No. 57C01-1204-FB-19

**November 25, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Charles Norris claims that he was denied his Sixth Amendment right to counsel when he attempted to withdraw his guilty plea. Because no such denial occurred, we affirm.

**Facts and Procedural History**

On November 1, 2012, Norris entered a plea of guilty to class C felony possession of precursors with intent to manufacture methamphetamine pursuant to a written plea agreement, which provided for the dismissal of a class B felony charge and a class D felony charge. The agreement also provided for a six-year executed sentence and allowed Norris to "argue at sentencing to have the executed portion of the sentence served in a state approved work release program." Appellant's App. at 25. The trial court asked Norris if he was "suffering from any mental or emotional disability" or "under the influence of any alcohol or drugs[.]" Tr. at 5. Norris said that he was not. The court asked Norris if he understood that he would be giving up certain rights by pleading guilty, including "the right to a public and speedy jury trial[.]" *Id*. Norris said that he understood. The court asked Norris if he understood that by pleading guilty, he would be admitting that he committed the charged crime and would be sentenced to six years. Norris said that he did. The court asked Norris if he "or anybody else [had] received any promises besides the plea agreement" or "been given anything of value to get [him] to plead guilty[.]" Norris replied, "No." *Id*. at 8. The court asked, "So the guilty plea you're offering today is of your own free will and voluntary acts and it's still your intent to plead guilty?" *Id*. Norris replied, "Yes." *Id*. at 9. The court also asked Norris if he was satisfied with his counsel's representation. Norris said that he was.

Norris's public defender elicited a factual basis for the plea. The court found that Norris understood the nature of the charge and the possible sentence, that his plea was "freely and voluntarily entered," and that "there's a factual basis for that plea." *Id*. at 11. The court told Norris to help the probation department prepare a presentence report and said, "If I accept the plea agreement I will sentence you exactly within those terms. If you want me to consider a work release component I want you to make sure you qualify for work release by that time, okay." *Id*. The court set the sentencing hearing for January 3, 2013.

At the January 3 hearing, Norris's counsel told the court that Norris wanted to withdraw his guilty plea. The court remarked that no withdrawal motion had been filed,[1] and Norris said that he had been incarcerated in Whitley County and unable to contact his counsel. The court reset the hearing for January 31 so that Norris could confer with his counsel and prepare a withdrawal motion.

At the January 31 hearing, Norris's counsel told the court,

I have reviewed the record [and] my notation from the guilty plea hearing [and] unfortunately from my prospective [sic], Your Honor, I do not see what would be a valid grounds for, uh, getting that plea withdrawn. And as the Court is aware that I have a duty [not] to file, uh frivolous motions with the Court or motions that I feel that there is no legal basis for and, uh, unfortunately I cannot find the basis.[2] *I know Mr. Norris has some*

---

[1] Indiana Code Section 35-35-1-4(b) provides that a motion to withdraw guilty plea "shall be in writing and verified."

[2] *See* Ind. Professional Conduct Rule 3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law."); *id*., cmt. 2 ("The action is frivolous … if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, modification or reversal of existing law.").

*information that he thinks is relevant to that that he'd like to share with the Court.*

*Id*. at 22 (emphasis added). The court asked Norris why he wanted to withdraw his plea, and the following discussion ensued:

MR. NORRIS: Because I wasn't, I didn't understand the whole, I wasn't mentally, it's, uh --

THE COURT: (Interrupting) You didn't … understand what? Because I have a written plea agreement and part of it, looks like part of it was struck out, so that means it was gone over, uh, well it must have been a minimum non-suspendable because the suspended and probation part was struck out. Uh, on my dialogue, you know I, I certainly asked you a number of times if you understood everything as we went along. Uh, what didn't you understand? And we went over what the sentence would be, we went over, I mean we started out by going through the agreement. What, what is it you didn't understand?

MR. NORRIS: Everything.

THE COURT: Everything. And I asked you that day if you, uh, were under the influence of any drugs, alcohol or if you had any physical or emotional disability and you said, no. Uh, I mean … I don't know what it is you didn't understand because … the agreement talked about six years DOC, you could argue at sentencing to have, uh, the executed sentence served at a state approved, uh, work release community correction facility. I mean that, you didn't understand that?

MR. NORRIS: No, I was, I was pushed into the plea, or for the --

THE COURT: (Interrupting) You what?

MR. NORRIS: I said I was, I was persuaded or pushed into, I wanted to go for trial. It was hammered on me to sign that plea agreement. I was under pressure to sign the plea agreement. I mean I didn't under --

4

> [COUNSEL]:     (Interrupting) Your Honor, that's not true. I'm not going to sit here and allow that to be represented in front of other clients of mine.

*Id.* at 23-24.

At that point, the prosecutor asked whether it would be appropriate for another attorney to "review the case … and see if there [are] grounds to withdraw the plea." *Id.* at 26. The chief public defender happened to be in the courtroom and said, "Judge, we would normally never, uh, appoint new counsel in regards to that matter." *Id.* at 27. The court told Norris, "I'm confident that the dialogue that I had with you that day and the answers that you gave were appropriate, uh, that we went over the agreement and … I'm comfortable going ahead with the sentencing." *Id.* at 27-28. The court recessed the hearing to allow Norris to review the presentence report with his counsel. The court then denied Norris's oral motion to withdraw his guilty plea and heard argument from counsel. The court accepted the plea agreement and sentenced Norris to six years in the Department of Correction because he had not qualified to participate in work release. This appeal ensued.

### Discussion and Decision

Norris claims that he "was denied his fundamental right to counsel when he was questioned by the court without the assistance of counsel regarding his basis to withdraw his guilty plea as the proceeding was a critical stage and Norris did not waive his right to counsel." Appellant's Br. at 4. The State points out that Norris "never argues as to how having counsel present in the courtroom representing him at the time amounts to the trial court denying him his right to counsel" and that he "presents no argument and cites to no

5

cases in support of the position that the Sixth Amendment entitles him to new or additional counsel merely because he disagreed with his counsel's legal advice and wished to present a motion to the court that his counsel would not file." Appellee's Br. at 7-8. We agree with the State that if

> [Norris] believes that his trial counsel was deficient for not filing a motion to withdraw his guilty plea, then the correct vehicle to challenge that deficiency would be to assert an ineffective assistance of counsel claim, not to argue that the court denied [him] his right to counsel when counsel was present in the courtroom representing [him] during his sentencing hearing.

*Id*. at 12.

As indicated above, Norris took it upon himself to explain his reasons for wanting to withdraw his guilty plea and was not "forced to proceed pro se," as he contends. Appellant's Br. at 9. Quite simply, the trial court did not deny him his right to counsel, who appeared with and assisted him at the hearing.[3] Norris makes no other claims of error, and therefore we affirm.[4]

Affirmed.

BARNES, J., and PYLE, J., concur.

---

[3] For this reason alone, we are unpersuaded by Norris's reliance on *Clark v. State*, 577 N.E.2d 620 (Ind. Ct. App. 1991), and *Gibbs v. State*, 610 N.E.2d 875 (Ind. Ct. App. 1993), in which counsel did not appear with the defendants at the relevant proceedings.

[4] Indiana Code Section 35-35-1-4(b) provides that the trial court's ruling on a motion to withdraw guilty plea "shall be reviewable on appeal only for an abuse of discretion" and that "the court shall allow the defendant to withdraw his plea of guilty … whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice." Given the trial court's numerous questions and advisements at the guilty plea hearing and Norris's responses thereto, Norris would be hard pressed to establish either an abuse of discretion or a manifest injustice in this case.