HARSHMAN *v.* STATE OF INDIANA.

[No. 28,959. Filed November 25, 1953.]

James C. Cooper, Public Defender and Richard M. Givan, Assistant Public Defender, for appellant.

Edwin K. Steers, Attorney General, Owen S. Boling and Frank E. Spencer, Deputy Attorneys General, for appellee.

DRAPER, C. J.—In July of 1947 the appellant entered a plea of guilty to a charge of vehicle taking, and he was sentenced to imprisonment for a term of one to ten years. In January of 1952 he filed his verified petition for writ of error coram nobis whereby he sought to be permitted to withdraw his plea of guilty and enter a plea of not guilty to said charge. The relief sought was denied and this appeal perfected. All of the proceedings herein referred to were in the Cass Circuit Court.

We set out a part of the colloquy between judge and accused, at the time of arraignment, as follows:

"Q. You are Floyd Harshman?
A. Yes.
Q. Do you have an attorney?
A. No.
Q. Do you desire an attorney to represent you?
A. I don't have the money to hire one.
Q. It is possible for the court to appoint an attorney to represent you in a case of that kind, if you so desire.
A. I don't guess it is necessary.
Q. Then do I understand you don't desire the court to appoint an attorney for you?
A. That is right.

Q. Are you familiar with the charge that is placed against you?

A. Nothing only what the Prosecuting Attorney had already told me.

Q. You are charged with taking a vehicle of another without the consent of the owner. The formal charge is in the form of an affidavit here which I will read to you and it will be necessary then for you to enter a plea to that charge or there will be a plea entered for you by the court of not guilty and that will require a trial. You may enter a plea of guilty or not guilty, but if you stand before the court and not answer, then it is the duty of the court to enter a plea of not guilty. The affidavit which has been filed against you reads as follows, (H.I.) To that charge what is your plea?

A. I plead guilty, Sir.

Q. Is there anything that you care to offer to the court before the court passes judgment upon you?

A. I would like to say a few words. I was drinking quite heavy that night. I don't remember taking the vehicle but there was so much evidence pointing against me, I certainly did take it. I don't remember driving it."

Under our practice an accused may enter a plea of guilty in any case, and thereby waive his constitutional right to trial by jury. But to be valid and binding upon the accused, such a plea must be made by the accused intelligently, advisedly and understandingly, with full knowledge of his rights, and with the considered approval of the judge before whom he stands charged.

A valid plea of guilty in a court having jurisdiction of the offense is a judicial confession of guilt. *Batchelor* v. *State* (1920), 189 Ind. 69, 125 N. E. 773. It admits the incriminating facts alleged. 22 C. J. S., Criminal Law, §424. It should be *cautiously* received. It should not be accepted from one who does

not know, or who, at the time of arraignment, asserts that he does not know, whether or not he has committed the crime charged, for such would be entirely incompatible with the idea of an admission of guilt, and wholly inconsistent with the due administration of justice.

As we view it, a plea of guilty tendered by one who in the same breath protests his innocence, or declares he actually does not know whether or not he is guilty, is no plea at all. Certainly it is not a sufficient plea upon which to base a judgment of conviction. No plea of guilty should be accepted when it appears to be doubtful whether it is being intelligently and understandingly made, or when it appears that, for any reason, the plea is wholly inconsistent with the realities of the situation. We may add parenthetically that so far as the record before us discloses, no evidence whatever pointing to appellant's guilt was adduced, either before, during or after the entry of the plea.

The appellant insists that the court did not advise him, with sufficient clarity and precision, that if he were unable to employ and pay counsel, he was legally entitled to have counsel appointed to represent him at public expense. See *Dearing* v. *State* (1951), 229 Ind. 131, 95 N. E. 2d 832. Be that as it may, we think the court erred in failing to reject the plea and appoint counsel on his own motion whether or not the accused desired counsel, unless the accused positively refused to avail himself of such services.

It is true as a general rule, as said in *Dowd, Warden* v. *Anderson* (1942), 220 Ind. 6, 40 N. E. 2d 658, that the court need not appoint counsel whether the defendant wishes it or not, but such a rule can hardly apply in circumstances such as these. Here, although the appellant did not "guess" it was

necessary, his need for counsel was apparent. It appears quite obvious that he could not intelligently and understandingly plead or defend himself without the assistance of counsel. It seems apparent that he needed help from some source. We think the court, in the full performance of its duty, should have rejected the appellant's plea and should have appointed counsel for the appellant, and that the court's failure to appoint counsel for the appellant under these circumstances amounted to a denial of appellant's constitutional right to be represented by counsel. Ind. Const., Art. 1, §13.

Judgment reversed with instructions to permit the appellant to withdraw his plea of guilty, to permit him to enter a plea of not guilty, and for further proceedings.

Gilkison, J., not participating.

NOTE.—Reported in 115 N. E. 2d 501.