Kevin GARRY, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 4–1285A336.

Court of Appeals of Indiana,
Fourth District.

Oct. 30, 1986.

Publication Ordered Jan. 7, 1987.

Susan K. Carpenter, Public Defender, John Pinnow, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

MILLER, Judge.

Kevin Garry appeals from the order of the Hamilton County Superior Court, the Honorable Jerry M. Barr, presiding, denying his petition for post-conviction relief. Garry based his petition on alleged defects in his guilty plea. Because we find fatal

defects in Garry's plea, we must reverse the decision of the Hamilton County Court and order Garry's petition to be granted.

## FACTS

On April 25, 1981, at approximately 3:00 A.M., a Sambos Restaurant located in Carmel was robbed. The robber, who was armed with a knife, forced an employee to give him approximately $133.00 in bills of various small denominations. He left the scene of the crime in a black and white Oldsmobile.

Shortly after the robbery occurred a Carmel police office observed a vehicle matching the description of the Oldsmobile parked in the rear lot of Ben's Den, a tavern and restaurant located near the robbery scene. Inside the tavern the officer found the defendant, Kevin Garry, who matched the description of the Sambos robber.

Garry admitted owning the black and white Oldsmobile in the lot. Two witnesses to the robbery were brought to Ben's Den. One of the witnesses identified Garry's Oldsmobile as the car used in the robbery. Both witnesses identified Garry as the robber.

Garry was arrested on the basis of these identifications. When he was searched Garry was found to have a knife and $123.00 in bills of various small denominations. One of the bills was marked with a bank stamp. This bill was identified by one of the witnesses, the cashier at Sambos, as a bill she had received from a customer earlier in the evening.

On December 2, 1981, Garry agreed to plead guilty to Robbery, a class C felony, pursuant to a plea bargain agreement. Garry maintained his innocence despite his guilty plea, and he insisted that all portions of the written plea agreement in which he stated he committed the offense be deleted. The court advised Garry of his constitutional rights; Garry then entered his guilty plea while still protesting his innocence. He stated that he was pleading guilty because of the possibility that he could be sentenced to twenty years in jail if he were found guilty by a jury. Garry also stated that he knew there was some factual basis upon which a jury could find him guilty. The trial court accepted the guilty plea.

On December 15, 1981, the court held a sentencing hearing. Garry again maintained his innocence. The court noted Garry's protests of innocence, but determined that there was a factual basis to support his plea and proceeded to sentence him.

## DECISION

Garry claims that the trial court erred in accepting his guilty plea while he still maintained his innocence. We agree.

■ Although the federal constitution does not prohibit the state from accepting a guilty plea where the defendant maintains his innocence, *North Carolina v. Alford* (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, it has long been the law in Indiana that a plea of guilty made while the defendant continues to profess his innocence is not a valid plea. *Harshman v. State* (1953), 232 Ind. 618, 115 N.E.2d 501. This rule has recently been reaffirmed by our supreme court. *Ross v. State* (1983), Ind., 456 N.E.2d 420. In *Ross*, the court specifically held "a judge may not accept a plea of guilty when the defendant both pleads guilty and maintains his innocence at the same time. To accept such a plea constitutes reversible error." *Id.* at 423.

The State argues that, since Garry pled guilty in 1981, *Ross* is inapplicable to this case and we should apply the law which governed at that time. According to the State, the case of *Boles v. State* (1973), 261 Ind. 354, 303 N.E.2d 645, held that the court could accept a guilty plea even when the defendant maintains innocence. The State argues *Boles*, not *Harshman* and *Ross*, should govern this appeal.

The State's argument is flawed for two reasons. In the first place, as the *Ross* court noted, *Boles* did not even deal with a situation in which a defendant entered a guilty plea while professing innocence. *Ross, supra* at 422. At no time during his plea did Boles profess is innocence, he did

not claim to be innocent until after he was sentenced. Factually, Boles has nothing to do with the situation in this case. Even if *Boles* were on point, we would have to question its value as precedent. In *Boles,* an equally divided supreme court affirmed the decision of the court of appeals over a strong dissent; no opinion received a majority. The State's citation of *Boles* is misguided.

■ Because we find *Boles* inapposite, we hold this case to fall within the rule of *Harshman.* The trial judge erred in accepting Garry's guilty plea in the face of his continued protests of innocence.

Finally, the State argues *Harshman* and *Ross* are wrongly decided and suggests that we overturn those decisions. We would remind the State that we are an intermediate appellate court and, as such, we are bound to follow the rulings of our supreme court. We can not disregard those rulings.

We therefore find that the court erred in denying Garry's petition for post-conviction relief. We reverse the decision of the Hamilton County Superior Court and order the petition granted.

Reversed.

CONOVER, P.J., and YOUNG, J., concur.