Clyde B. ATCHLEY, Appellant,

v.

STATE of Indiana, Appellee.

No. 20S00–9303–CR–398.

Supreme Court of Indiana.

Oct. 26, 1993.

Rehearing Denied Jan. 11, 1994.

Susan K. Carpenter, Public Defender, John A. England, Deputy Public Defender, for appellant.

Pamela Carter, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

In February of 1981, appellant was charged with five counts of Felony Murder resulting from a fire in Elkhart County. Pursuant to a plea agreement, appellant pled guilty with the understanding that he would receive a sentence of not less than sixty (60) nor more than one hundred (100) years. Shortly after entering such a plea, and contrary to the advice of his counsel, appellant wrote a letter to the trial judge in which he stated that he did not see the plea bargain until he entered the courtroom, that he relied upon his attorney's advice to plead guilty, and that he did not understand the meaning of an "omnibus hearing." He claimed that he was not guilty of murder in that he did not murder anyone and that he requested the court to appoint another defense lawyer.

At the hearing on his motion to withdraw his plea of guilty, he stated that he did not remember the acts which led to the murder charges. The trial court refused his request to withdraw his plea of guilty and entered sentence of one hundred (100) years. Although a motion to correct error was filed and denied on October 30, 1981, no praecipe was filed at that time; thus no appeal was taken. On October 21, 1991, appellant by counsel filed a verified petition with the trial court seeking permission to file a belated praecipe. The court granted the petition. This appeal followed.

The facts are: On January 27, 1980, a fire was discovered at the Swiss Inn in Elkhart, Indiana. The record shows that turpentine was used as an accelerant to start a fire in a stairwell. As a result, five people died. Appellant eventually was arrested. Following his arrest and after receiving his *Miranda* warnings, appellant gave a statement to the police which was introduced in evidence as State's Exhibit 1. However, for some reason, that exhibit does not appear in the record filed in this appeal. Nonetheless, the content of the statement is discussed in the testimony of Homer A. Schenk, a detective with the Elkhart Police Department, who took the statement from appellant. In the statement, appellant confessed to setting the fire in the hotel and to using turpentine as an accelerant. The officer testified that chemical tests verified that turpentine in fact was used as an accelerant.

In rendering the sentence, the trial judge quoted from some of the confession given by appellant in which appellant stated, "I felt that by starting the fire I would be able to get back at them." The trial judge further observed that upon reading appellant's statement it was evident he gave the police information which could have been known only by the perpetrator. In addition, at the time appellant appeared before the trial court to enter a plea of guilty, he tendered the written plea agreement which acknowledged that he in fact was guilty of setting the fire.

■ Appellant claims the trial court erred in denying his motion to withdraw his plea of guilty. Both at the time he entered his plea of guilty and at the hearing on his motion to withdraw the plea of guilty, appellant had made statements that he could not remember the details of what had happened. This Court would observe that the trial court did make an erroneous statement of law during the acceptance of the plea of guilty in that it stated to appellant that even though he did not remember what had happened he could enter a plea of guilty which was in his "best interest." This is not the law in Indiana. A trial court may not accept a plea of guilty from one who in the same breath professes innocence. *Harshman v. State* (1953), 232 Ind. 618, 115 N.E.2d 501.

Appellant cites *North Carolina v. Alford* (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162. The State errs in its brief in stating that following *Alford, supra, Bewley v. State* (1991), Ind.App., 572 N.E.2d 541 and *Boles v. State* (1973), 261 Ind. 354, 303 N.E.2d 645, the *Harshman* case is "a dead letter" and that Indiana allows "best interest" pleas. In *Alford, Bewley* and *Boles,* the holding in *Harshman* is upheld. Those cases differ from *Harshman* in that appellant's attempt to withdraw his plea of guilty was denied because there was independent evidence of his guilt including in some instances his own confession as was the situation in the case at bar.

In *Harshman,* after stating the rule of law, this Court stated:

"We may add parenthetically that so far as the record before us discloses, no evidence whatever pointing to appellant's guilt was adduced, either before, during or after the entry of the plea." *Harshman,* 232 Ind. at 621, 115 N.E.2d at 502.

■ In the case at bar, appellant's protestations of lack of memory clearly apply to only certain details of the crime. There is no question but that he admitted to police officers that he had set the fire and described in detail how it was accomplished. He also stated his regret for having caused the deaths of the five persons. The trial court did not err in denying appel-

lant's motion to withdraw his plea of guilty.

Appellant claims that fundamental error occurred when he was abandoned by his court-appointed attorney and left unrepresented in his efforts to withdraw his guilty plea. When appellant let his attorney know that he wished to withdraw his guilty plea, his attorney advised against doing such and refused to assist appellant in that regard. Appellant then wrote the letter to the trial judge alluded to above in which he requested the withdrawal of his plea.

■ Appellant further argues that he not only was harmed by his trial counsel's refusal to aid him in filing his motion to withdraw his plea but that he actually was harmed when counsel appeared at the hearing on the motion to withdraw and argued that in his opinion it was against his client's best interest to withdraw his plea of guilty. One cannot say that an attorney is abandoning his client when he refuses to go along with a course of action proposed by his client which the attorney feels is not in the client's best interest. It is in fact his duty to continue to represent his client in what he perceives to be the client's best interest.

■ In the true sense of the word, we cannot say that appellant was abandoned by his counsel. His counsel remained at his side and attempted to represent his client in the manner in which he thought best. There is no constitutional right to an attorney who blindly will follow a defendant's instructions. *McQueen v. Blackburn* (5th Cir.1985), 755 F.2d 1174, *cert. denied*, 474 U.S. 852, 106 S.Ct. 152, 88 L.Ed.2d 125. We find no fundamental error in the manner in which the attorney tried to represent his client. Appellant's claim that he received ineffective assistance of counsel is not borne out by the above facts. Counsel complied with the criteria set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

The trial court is affirmed.

SHEPARD, C.J., and DICKSON, J., concur.

KRAHULIK, J., concurs in result without separate opinion.

DeBRULER, J., dissents without separate opinion.