## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 14 2015, 6:47 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Jeremy Schmitt
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeremy Schmitt,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

August 14, 2015

Court of Appeals Case No.
83A05-1409-PC-425

Appeal from the Vermillion Circuit Court.
The Honorable John Rader, Special Judge.
Cause No. 83C01-1211-PC-3

**Baker, Judge.**

[1] Jeremy Schmitt appeals the denial of his petition for post-conviction relief, arguing that the trial court erroneously accepted his guilty plea and that he received ineffective assistance of trial counsel. Finding no error, we affirm.

## Facts

[2] In 2003, Schmitt entered into a romantic relationship with Teresa Cox. Cox was having custody issues with Scott Williams, who was the father of her daughter. On April 19, 2004, Schmitt and Cox broke into Williams's residence while Williams was inside. Cox murdered Williams; the cause of his death was blunt force trauma. On April 28, 2004, the State charged Schmitt and Cox with murder and class A felony conspiracy to commit murder.

[3] At some point, the State filed a notice of immunity indicating that it had extended use and derivative use immunity to Schmitt such that any evidence he provided in the trial against Cox would not be used in any criminal proceeding against him. Schmitt testified at Cox's trial on October 12, 2004.

[4] On February 9, 2005, Schmitt and the State filed a plea agreement, pursuant to which Schmitt agreed to plead guilty to conspiracy to commit murder in exchange for the dismissal of the murder charge. Sentencing was left to the trial court's discretion. At the guilty plea hearing, which was held the same day, Schmitt stated that he understood the allegations, that he understood he was pleading guilty to conspiracy to commit murder, and that he understood he was telling the court that he had done what was alleged in the charging information. To establish the factual basis for the plea, Schmitt's attorney elicited

information from Schmitt that he had testified during Cox's trial and that the testimony he had given in that trial had been true and accurate. The trial court accepted the guilty plea and later sentenced Schmitt to fifty years incarceration.

[5] On November 30, 2012, Schmitt filed a petition for post-conviction relief. The post-conviction court held a hearing on the petition on April 17, 2014, and on August 22, 2014, the post-conviction court denied the petition. Schmitt now appeals.

## Discussion and Decision

[6] The general rules regarding the review of a ruling on a petition for post-conviction relief are well established:

> "The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence." *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004). "When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment." *Id.* To prevail on appeal from the denial of post-conviction relief, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind. 1993). Further, the post-conviction court in this case made findings of fact and conclusions of law in accordance with Indiana Post–Conviction Rule 1(6). Although we do not defer to the post-conviction court's legal conclusions, "[a] post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Ben–Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (quotation omitted).

*Hollowell v. State*, 19 N.E.3d 263, 268-69 (Ind. 2014).

# I. Guilty Plea

Schmitt makes two arguments with respect to his guilty plea. First, he contends that his testimony from Cox's trial was improperly used to establish a factual basis for his plea. He complains that the State had provided him immunity for that testimony, and as such, it should not have formed the factual basis for his guilty plea. It was *Schmitt*, however, who offered the testimony as a basis for the plea. The State did not attempt to use that testimony against him. Consequently, the State abided by its immunity-related promises and there is no error on this basis.

Second, Schmitt argues that he maintained his innocence during the guilty plea hearing and that, as such, the trial court should not have accepted the plea. The so-called "*Ross/Harshman* rule" provides that a trial court "may not accept a plea of guilty when the defendant both pleads guilty and maintains his innocence at the same time. To accept such a plea constitutes reversible error." *Ross v. State*, 456 N.E.2d 420, 423 (Ind. 1983); *see also Harshman v. State*, 232 Ind. 618, 621, 115 N.E.2d 501, 502 (Ind. 1953). This rule "is explicitly contingent, however, upon the protestation of innocence *occurring at the same time the defendant attempts to enter the plea*." *Carter v. State*, 739 N.E.2d 126, 129 (Ind. 2000) (emphasis added).

In this case, Schmitt admitted his guilt to the trial court multiple times during his guilty plea hearing. He also stated that he had testified truthfully during Cox's trial. That testimony included the following admissions:

- Schmitt knew that there was animus between Williams and Cox.
- Schmitt agreed to break into Williams's residence for Cox.
- Schmitt, dressed in dark clothes and wearing a ski mask and gloves, used a pry bar and a knife to enter Williams's residence.
- Schmitt walked quietly through the residence and unlocked the back door so that Cox could enter.
- Schmitt gave the pry bar to Cox and walked away, leaving her to commit the murder.

Appellant's App. p. 130, 144, 152, 157, 167, 170, 172.

[10] Schmitt makes much of the fact that he testified at Cox's trial that he did not enter into an agreement with her to kill Williams. He argues that this testimony constitutes a protestation of innocence triggering the *Ross/Harshman* rule. We disagree. This testimony occurred at a different, earlier proceeding. At the guilty plea hearing itself, Schmitt did not make a single protestation of innocence. Instead, he plainly and repeatedly admitted his guilt. Under these circumstances, the *Ross/Harshman* rule was not triggered and the post-conviction court correctly determined that the trial court did not err by accepting the guilty plea.

## II. Assistance of Trial Counsel

[11] Schmitt also argues that he received the ineffective assistance of trial counsel. A claim of ineffective assistance of trial counsel requires a showing that: (1) counsel's performance was deficient by falling below an objective standard of reasonableness based on prevailing professional norms; and (2) counsel's performance prejudiced the defendant such that "'there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Davidson v. State*, 763 N.E.2d 441, 444 (Ind. 2002) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "A reasonable probability arises when there is a 'probability sufficient to undermine confidence in the outcome.'" *Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006) (quoting *Strickland*, 466 U.S. at 694). "Failure to satisfy either of the two prongs will cause the claim to fail." *Gulzar v. State*, 971 N.E.2d 1258, 1261 (Ind. Ct. App. 2012). However, "[i]f we can easily dismiss an ineffective assistance claim based upon the prejudice prong, we may do so without addressing whether counsel's performance was deficient." *Baer v. State*, 942 N.E.2d 80, 91 (Ind. 2011). "Indeed, most ineffective assistance of counsel claims can be resolved by a prejudice inquiry alone." *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002).

[12] Schmitt argues that his attorney was ineffective for introducing his testimony at Cox's trial as the factual basis for his guilty plea. Specifically, Schmitt alleges that he did not consent to the use of this testimony as the factual basis. Schmitt's attorney, however, testified at the post-conviction hearing that he and Schmitt had discussed the use of the Cox trial testimony as the factual basis for the guilty plea. Trial counsel testified that Schmitt willingly agreed to waive any immunity-related issues regarding the use of that testimony when he pleaded guilty. It was for the post-conviction court to weigh these conflicting accounts and make a determination. We will not second-guess its conclusion that Schmitt's attorney was being truthful.

[13]     Schmitt also makes vague allegations that his attorney "did nothing to protect Schmitt's rights, to prevent the State from using Schmitt's immunized testimony against him, or to ensure that Schmitt understood the implications of the plea agreement." Appellant's Br. p. 12. Trial counsel, however, testified that he and Schmitt had "lengthy discussions" about all of Schmitt's options before pleading guilty. PCR Tr. p. 15. Again, we will not second-guess the post-conviction court's determination that counsel was being truthful.

[14]     Early in the police investigation, Schmitt admitted to police that he had broken and entered Williams's residence on the night of the murder. He also told police that he had admitted a person into Williams's residence after breaking in.[1] His own admissions to police constitute compelling evidence supporting a charge of felony murder. Despite this compelling evidence, Schmitt's trial attorney negotiated a plea to the less serious crime of class A felony conspiracy to commit murder. It is evident that his counsel represented and protected him quite ably. Schmitt cannot establish that his attorney's performance was deficient or that he suffered prejudice as a result of his attorney's performance. Instead, the record reveals that his attorney aided him, quite significantly. The post-conviction court correctly determined that Schmitt did not receive ineffective assistance of appellate counsel.

---

[1] Schmitt initially told police that he had let a man into the house.

The judgment of the post-conviction court is affirmed.

Bailey, J., and Mathias, J., concur.