# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 15 2019, 10:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ronald L. Emery, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | August 15, 2019 <br><br> Court of Appeals Case No. 19A-CR-464 <br><br> Appeal from the Tippecanoe Superior Court <br><br> The Honorable Randy J. Williams, Judge <br><br> Trial Court Cause Nos. <br> 79D01-1704-F4-19 <br> 79D01-1803-F6-302 <br> 79D01-1805-FB-1 |

**Najam, Judge.**

# Statement of the Case

Ronald L. Emery appeals the trial court's denial of his motion to withdraw his guilty plea. Emery raises a single issue for our review, namely, whether he maintained his innocence to a charge of vicarious sexual gratification, as a Level 4 felony, at the time he pleaded guilty to that charge. We affirm.

# Facts and Procedural History

On April 17, 2017, the State charged Emery with vicarious sexual gratification, as a Level 4 felony; inappropriate communication with a child, as a Class B misdemeanor; with being a habitual offender; and with being a repeat sexual offender. On March 2, 2018, the State, under a second cause number, charged Emery with Level 6 felony battery against a public safety official and Class A misdemeanor resisting law enforcement. And, on May 14, 2018, the State, under a third cause number, charged Emery with five counts of Class B felony child molesting.

Thereafter, Emery entered into a plea agreement with the State in which he agreed to plead guilty to vicarious sexual gratification, as a Level 4 felony; battery on a public safety official, as a Level 6 felony; child molesting, as a Class B felony; and for being a repeat sex offender. In exchange, the State agreed to dismiss the other charges in the three cause numbers.

At his ensuing guilty plea hearing, Emery engaged in the following colloquy with his counsel with respect to the Level 4 felony vicarious sexual gratification charge, which was premised on a letter he had written to A.T., a nine-year-old

child, directing her "to masturbate with the intent to arouse or satisfy the sexual desires of [A.T.]" or himself:

> [Counsel]:   . . . Sometime between January 1st, 2017[,] and March 17th[] of 2017 did you write a letter and send it to a child with the initials of A.T.?
>
> [Emery]:    I didn't send it directly to her.  I sent it to her grandmother . . . .
>
> [Counsel]:    Alright, but . . . the letter was intended to be read by A.T.
>
> [Emery]:    Yes sir.  Well, it was up to the grandmother if she would [have given] it to her or not.

Tr. Vol. II at 12, 18.  The State followed up on Emery's statements with respect to that offense:

> [The State]:  . . . That letter that you admitted to sending, that was addressed to A.T., correct?
>
> [Emery]:    Yes with [the grandmother's] address.
>
> [The State]:  Right but the letter itself [was] to A.T., correct?
>
> [Emery]:    Yes, I put her name on it.

*Id.* at 22.  At the conclusion of the hearing, the court took Emery's plea under advisement pending sentencing.

[5]     Prior to sentencing, Emery filed a motion to withdraw his guilty plea. In his motion, he stated that he "has had time to reflect on the plea of guilty and desires to withdraw the plea." Appellant's App. Vol. II at 54. The court scheduled a hearing on the motion, and, at that hearing, Emery asserted that he had maintained his innocence at his guilty plea hearing with respect to the charge of vicarious sexual gratification when he stated that the letters addressed to A.T. "were going to her grandmother, [who] would then read the letters before she would . . . say anything to the victim . . . ." Tr. Vol. II at 27. He also asserted, for the first time, that he was innocent of the other offenses to which he had pleaded guilty.

[6]     The trial court denied Emery's motion to withdraw his guilty plea. Thereafter, the court accepted his plea agreement and sentenced him accordingly. This appeal ensued.

## Discussion and Decision

[7]     Emery appeals the trial court's denial of his motion to withdraw his guilty plea. As our Supreme Court has explained:

> Motions to withdraw guilty pleas are governed by Ind. Code § 35-35-1-4. After the plea of guilty but before sentencing, a court may grant the motion for "any fair or just reason." *Id.* However, the court is required to grant the motion to prevent "manifest injustice" and is required to deny the motion when the State would be "substantially prejudiced." *Id.* The trial court's decision is reviewed for abuse of discretion. *Id.* Upon appeal:

> The trial court's ruling on a motion to withdraw a guilty plea arrives in our Court with a presumption in favor of the ruling. *Coomer v. State*, 652 N.E.2d 60, 62 (Ind. 1995). One who appeals an adverse decision on a motion to withdraw must therefore prove the trial court abused its discretion by a preponderance of the evidence. *Weatherford v. State*, 697 N.E.2d 32, 34 (Ind. 1998). We will not disturb the court's ruling where it was based on conflicting evidence. *Id.*

> *Johnson v. State*, 734 N.E.2d 242, 245 (Ind. 2000).

*Smallwood v. State*, 773 N.E.2d 259, 264 (Ind. 2002).

[8] Emery asserts that the trial court abused its discretion when it denied his motion to withdraw his guilty plea because he had maintained his innocence during his guilty plea hearing. As we have noted:

> "[A]n Indiana trial court may not accept a guilty plea that is accompanied by a denial of guilt." *Carter v. State*, 739 N.E.2d 126, 129 (Ind. 2000).

> > [A] plea of guilty tendered by one who in the same breath protests his innocence, or declares he actually does not know whether or not he is guilty, is no plea at all. Certainly it is not a sufficient plea upon which to base a judgment of conviction. No plea of guilty should be accepted when it appears to be doubtful whether it is being intelligently and understandingly made, or when it appears that, for any reason, the plea is wholly inconsistent with the realities of the situation.

*Harshman v. State*, 232 Ind. 618, 621, 115 N.E.2d 501, 502 (1953). Before a trial court may accept a plea of guilty, the defendant must tender a reliable admission of guilt. *Ellis v. State*, 67 N.E.3d 643, 650-51 (Ind. 2017). If a trial court accepts an unreliable plea, the court commits reversible error, *Ross v. State*, 456 N.E.2d 420, 423 (Ind. 1983) . . . .

*Hooker v. State*, 120 N.E.3d 639, 645-46 (Ind. Ct. App. 2019) (alterations original to *Hooker*), *trans. denied*.

[9] To establish a factual basis for vicarious sexual gratification, as a Level 4 felony, Emery was required to admit that he had knowingly or intentionally directed, aided, induced, or caused A.T., who was under the age of fourteen, to touch or fondle herself, and that Emery did so to arouse either his or A.T.'s sexual desires. *See* Ind. Code § 35-42-4-5(a)(1) (2019). Emery's only argument that he did not establish a reliable admission of guilt for that offense is his assertion that, by sending his letter to the residence of A.T.'s grandmother, he was not guilty as charged. Emery does not dispute the contents of the letter, which, again directed A.T. to masturbate with the intent to arouse or satisfy the sexual desires of either Emery or A.T.

[10] We reject Emery's assertion that he maintained his innocence during his guilty plea. Nothing about Emery's statement that he knowingly or intentionally directed, aided, induced, or caused A.T. to touch or fondle herself in order to arouse his or her sexual desires is negated by the fact that A.T. did not own the residence to which Emery had sent the letter to accomplish that offense. In other words, Emery reliably admitted to the commission of each element of the

offense of vicarious sexual gratification, as a Level 4 felony. The trial court did not abuse its discretion when it denied Emery's motion to withdraw his guilty plea with respect to that offense.

[11] As for Emery's alleged protestations of innocence with respect to the other offenses to which he had pleaded guilty, Emery raised those alleged assertions of innocence for the first time in his motion to withdraw his guilty plea, not at his guilty plea hearing. Emery's counsel on appeal properly acknowledges that, as such, those statements were not a valid basis on which to grant his motion to withdraw his guilty plea. *See, e.g.*, *Carter v. State*, 739 N.E.2d 126, 129 (Ind. 2000) (noting that Indiana's rule against accepting a guilty plea that is accompanied by a protestation of innocence "is explicitly contingent . . . upon the protestation of innocence occurring at the same time the defendant attempts to enter the plea"). Thus, the trial court did not abuse its discretion when it denied his motion with respect to those offenses.

[12] In sum, we affirm the trial court's denial of Emery's motion to withdraw his guilty plea.

[13] Affirmed.

Bailey, J., and May, J., concur.