## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 27 2020, 9:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bruce W. Graham
Graham Law Firm P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Steven Hosler
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Seth McCullough,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 27, 2020

Court of Appeals Case No.
20A-CR-726

Appeal from the Tippecanoe
Superior Court

The Hon. Steven P. Meyer, Judge

Trial Court Cause No.
79D02-1812-F1-13

**Bradford, Chief Judge.**

# Case Summary

On December 16, 2018, Seth McCullough spent the night at his cousin's house and, at some point, went into the room of his cousin's four-year-old daughter B.O. McCullough had vaginal intercourse with B.O. and inflicted head and neck injuries on her. The State eventually charged McCullough with eight counts, including Level 1 felony child molesting, Level 5 felony battery, and Level 6 felony battery by bodily waste. In July of 2019, McCullough pled guilty to those three charges, and the trial court took the matter under advisement until sentencing. In February of 2020, McCullough's trial counsel moved to withdraw his guilty plea. After a hearing, the trial court denied McCullough's motion to withdraw and sentenced him to an aggregate sentence of fifty years of incarceration with five years suspended to probation. McCullough contends that the trial court abused its discretion in denying his motion to withdraw his guilty pleas. Because we disagree, we affirm.

# Facts and Procedural History

On December 16, 2018, the HIV-positive McCullough and his brother went to their cousin's house in Tippecanoe County, in which the cousin lived with his wife and his two daughters, including four-year-old B.O. McCullough drank alcohol and at some point went into B.O.'s bedroom, had sexual intercourse with her, and caused injuries to her head and neck. The next morning, after McCullough and his brother left, B.O. told her mother that her vagina and head hurt. B.O. was taken to Riley Children's Hospital, where it was determined

that she had suffered lacerations to her vagina and anus and bruising and lacerations to her head and neck. McCullough's semen was identified in B.O.'s underwear, his DNA was found on a genital swab, and, although B.O. did not test positive for HIV, she did develop genital warts.

[3] Eventually, the State charged McCullough with two counts of Level 1 felony child molesting, Level 4 felony child molesting, Level 5 felony battery, Level 6 felony strangulation, two counts of Level 6 felony battery by bodily waste, and Level 6 felony failure to warn by a carrier of a dangerous communicable disease. On July 15, 2019, McCullough executed a document indicating that he had reviewed the evidence the State intended to use against him, had consulted with his attorney regarding the benefits of a jury trial, understood his rights, and intended to plead guilty to three charges. On July 16, 2019, McCullough pled guilty to Level 1 felony child molesting, Level 5 felony battery, and Level 6 felony battery by bodily waste in exchange for dismissal of the other five charges. On February 13, 2020, McCullough moved to withdraw his guilty pleas. After a hearing held on February 28, 2020, the trial court denied McCullough's motion to withdraw his guilty pleas, and, on March 6, 2020, the trial court sentenced McCullough to an aggregate sentence of fifty years of incarceration with five years suspended to probation.

# Discussion and Decision

# Whether the Trial Court Abused its Discretion in Denying McCullough's Motion to Withdraw his Guilty Pleas

[4]    McCullough contends that the trial court abused its discretion in denying his motion to withdraw his guilty pleas to Level 1 felony child molesting, Level 5 felony battery, and Level 6 felony battery by bodily waste. Indiana Code Section 35-35-1-4(b) provides, in part, as follows:

> After entry of a plea of guilty, or guilty but mentally ill at the time of the crime, but before imposition of sentence, the court may allow the defendant by motion to withdraw his plea of guilty, or guilty but mentally ill at the time of the crime, for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea. [….] The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion.  However, the court shall allow the defendant to withdraw his plea of guilty, or guilty but mentally ill at the time of the crime, whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice.

A trial court's ruling on a motion to withdraw a guilty plea "arrives in this court with a presumption in favor of the ruling." *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001).  In determining whether a trial court has abused its discretion in denying a motion to withdraw a guilty plea, we examine the statements made by the defendant at the change-of-plea hearing to decide whether the plea was offered "freely and knowingly." *Id.*

## A.  Professed Lack of Memory of the Crimes

[5]    McCullough first contends that the trial court abused its discretion in denying his motion to withdraw his guilty pleas because he claimed to have no memory

of his crimes at his change-of-plea hearing. McCullough argues that this professed lack of memory is equivalent to a denial of guilt. "[A]n Indiana trial court may not accept a guilty plea that is accompanied by a denial of guilt." *Carter v. State*, 739 N.E.2d 126, 129 (Ind. 2000).

> [A] plea of guilty tendered by one who in the same breath protests his innocence, or declares he actually does not know whether or not he is guilty, is no plea at all. Certainly it is not a sufficient plea upon which to base a judgment of conviction. No plea of guilty should be accepted when it appears to be doubtful whether it is being intelligently and understandingly made, or when it appears that, for any reason, the plea is wholly inconsistent with the realities of the situation.

*Harshman v. State*, 232 Ind. 618, 621, 115 N.E.2d 501, 502 (1953).

[6] While it is true that trial court may not accept a defendant's guilty plea when the defendant pleads guilty but also professed innocence, that is not what occurred here. During McCullough's change-of-plea hearing, the following exchange occurred between McCullough and his trial counsel:

> Q    And you have looked through all of the discovery materials in this case that includes, but not limited to, police reports, medical records, there's a Certificate of Analysis, search warrants, body cams, recorded statements, and all photographs, right?
>
> A    Yes.
>
> Q    Now, you don't have any memory, but you've looked through the discovery, and you are choosing to plead guilty today, is that right?
>
> A    Yes.
>
> […]
>
> Q    Okay, so we're gonna reference some of those, because as we've stated before, you've reviewed all these materials and you

agree that even though you have no memory, the State has proven their case beyond a reasonable doubt that you were guilty, is that right?

A    Yes.

Q    And you are wanting to plead guilty because you believe you are guilty, is that right?

A    That's right.

Q    Okay. So, and you understand that voluntary intoxication is not a defense to this?

A    I understand that.

Q    Okay. Now, reviewing Defendant's Exhibit 1 here, which is the summary of statements by Jeremy, Shannon, and the two girls, right?

A    Yes.

Q    Now, you've also watched the recorded statements from them including the victim in this case, B.O., correct?

A    Yes.

Q    And you believe B.O. is very credible in this case, is that right?

A    Yes.

Q    And so, you are not contesting any of those allegations?

A    I am not.

Appellant's App. Vol. II pp. 21–22.

[7]    McCullough did not attempt to retract or contradict any of the above and points to no other statement made at the change-of-plea hearing that can be interpreted as a denial of guilt. In other words, while McCullough claimed at his change-of-plea hearing that he did not remember the events of December 16, 2018, far from contesting that they occurred or claiming that he was innocent, he

specifically admitted that they did occur as B.O. had described them. Under the circumstances of this case, at least, McCullough's mere claim of a failure to recall events, even if legitimate, does not amount to a protestation of innocence. *See Gibson v. State*, 490 N.E.2d 297, 298 (Ind. 1986) (in case where defendant claimed not to recall details of his crimes, concluding that "Appellant neither claims nor does he show that his failure to recall details of his crime amounted to a protestation of innocence"). Because McCullough's professed lack of memory at his change-of-plea hearing did not function as a claim of innocence, it does not entitle him to a withdrawal of his guilty pleas. The trial court did not abuse its discretion in this regard.

## B.  Voluntariness of Guilty Pleas

[8]     McCullough next contends that his pleas were involuntary because he was "coerced or bullied or pressured" into pleading guilty by his trial counsel. Tr. Vol. II p. 33. Our analysis of whether a guilty plea was voluntary starts by examining statements made at the change-of-plea hearing. *See Brightman*, 758 N.E.2d at 44. After McCullough affirmed that he was, in fact, guilty of the crimes to which he was pleading guilty, the following exchange occurred:

> THE COURT:  Alright.  Besides this plea agreement, have you been offered anything else of value or been given anything, or have been given any other agreements to get you to plead guilty here today?
>
> THE DEFENDANT:  No.
>
> THE COURT:  Has anyone forced you or threatened you or placed anyone else in fear of harm to get you to plead guilty here today?

THE DEFENDANT:  No.

THE COURT:  You believe your plea of guilty then would be your own free and voluntary choice?

THE DEFENDANT:  Yes, I do.

THE COURT:  Are you satisfied with the services of your attorney and you feel she's properly representing you?

THE DEFENDANT:  Yes, I am.

THE COURT:  Is it still your intention to plead guilty pursuant to this plea agreement?

THE DEFENDANT:  It is.

Tr. Vol. II pp. 17–18.  Additionally, McCullough had executed a document the day before his change-of-plea hearing which included the following:  "I am pleading guilty because I am guilty.  I am knowingly and voluntarily pleading guilty [and acknowledge] that no promises, threats or force have been used to make me plead guilty."  Appellant's App. Vol. II p. 25.  McCullough's responses to the trial court's questions, along with his declarations from the day before, are more than sufficient to establish that his guilty pleas were voluntarily made.  *See, e.g.*, *Gross v. State*, 22 N.E.3d 863, 868 (Ind. Ct. App. 2014) (affirming trial court's denial of motion to withdraw guilty plea where defendant stated he understood his rights and the terms of plea, was not forced or threatened, and was satisfied with his attorney's services), *trans. denied*.

[9] That said, McCullough now claims that he felt "bullied" into the guilty plea when his trial counsel allegedly threatened him with a 100-year sentence if he did not plead guilty.  McCullough's trial counsel, however, testified at the withdrawal hearing that she had not threatened McCullough but had merely

advised him that he faced a sentence of up to 100 years of incarceration for the eight charges he was facing. Tr. Vol. II p. 51. The trial court was entitled to credit McCullough's trial counsel's testimony on this matter, and we will not disturb its ruling when it is based on conflicting evidence. *See, e.g.*, *Flowers v. State*, 528 N.E.2d 57, 59 (Ind. 1988) (in affirming denial of motion to withdraw guilty plea, stating that "[w]e will not disturb the trial court's ruling where such ruling was based on conflicting evidence"). In the end, McCullough's argument is nothing more than an invitation to reweigh the evidence presented at the withdrawal hearing, which we will not do. We conclude that the record supports the trial court's conclusion that McCullough entered his guilty plea knowingly and voluntarily, his later claims of coercion notwithstanding. *See Johnson v. State*, 734 N.E.2d 242, 245 (Ind. 2000) (in affirming trial court's refusal to allow the defendant to withdraw his guilty plea, noting that "[t]he answers Johnson gave while pleading guilty belie his later assertion that the only reason he entered a guilty plea is because his counsel pressured him").

## C. Automatism Defense

[10] Finally, McCullough contends that the trial court abused its discretion in not granting his motion to withdraw his guilty plea based on his discovery of the automatism defense. The only evidence to support this claim, however, is McCullough's self-serving testimony that he felt that he had a potential defense to the charges against him based on an alleged sleep disorder. McCullough presented no other evidence that he suffers from a sleep disorder, much less that his alleged sleep disorder could provide him with a viable defense if he went to

trial. We conclude that McCullough's vague and unsupported testimony falls short of establishing either that it would be fair and just to allow him to withdraw his guilty pleas or that withdrawal is necessary to correct a manifest injustice. *See Smith v. State*, 596 N.E.2d 257, 259 (Ind. Ct. App. 1992) (concluding that "the existence of a potential defense for a defendant which is based only on his own testimony, taken together with the absence of prejudice to the State and the fact that the court had not yet formally accepted [his] plea, fails to carry [his] burden to prove that withdrawal of his plea is necessary to correct a manifest injustice").

[11] We affirm the judgment of the trial court.

Najam, J., and Mathias, J., concur.